478 So.2d 913 (1985)
STATE of Louisiana
v.
Robert JENNINGS.
No. 85-C-462.
Court of Appeal of Louisiana, Fifth Circuit.
September 9, 1985.
Rehearing Denied December 17, 1985.
*914 Sue Spilsbury, New Orleans, for relator.
Denis Ganucheau, Asst. Dist. Atty., Gretna, for respondent.
Before BOUTALL, KLIEBERT and GRISBAUM, JJ.
KLIEBERT, Judge.
We granted a writ of review on the defendant-relator's application for supervisory writs from a trial court's ruling dismissing his motion for termination of previously ordered payments for support of his minor child. The motion was grounded in the contentions (1) the child was no longer in destitute and necessitous circumstances, and (2) the record did not contain proof of his conviction of criminal non-support charges under R.S. 14:74. Apparently, believing the defendant could seek a reduction of the support payments but not a termination, the trial court refused to conduct an evidentiary hearing on the motion and dismissed same. Under R.S. 15:305(A)(2) "the period of probation or suspended sentence may be continued [in the manner set out in the statute] as long as the responsibility for support continues or as long as the arrearage is owed." Thus, if the necessity for support payments abates and there is no arrearage of support payments the defendant is entitled to a termination of future support payments and the trial judge has the authority to terminate same. See Articles 896 and 897, Code of Criminal Procedure, and R.S. 15:302. Therefore, the defendant had a right to file for and obtain a termination of future support payments if the need for support payments had abated.
Additionally, for there to be a valid sentence, there must be a valid and sufficient (1) statute, (2) indictment, and (3) verdict, judgment or plea of guilty. Article 872, Code of Criminal Procedure. It is also essential that a judgment be entered of record so that some formal evidence of its rendition shall exist on which to have its execution or appeal. Here, in the absence of evidence of a charge under R.S. 14:74 and conviction of criminal neglect of family, there is no basis for the setting of support payments during specified probationary periods or for the conviction of the defendant on contempt charges. Hence, the defendant-relator was entitled to a contradictory hearing to show lack of such a conviction.
Although we made a diligent search of the record for the required basis for setting the support amount and ordering its payment by the defendant for a specified probationary period, none was found. The record contained a bill of information filed on November 30, 1982 charging the defendant with criminal neglect of family, a violation *915 of R.S. 14:74, and an extract of a minute entry dated January 6, 1983 signed by a deputy clerk showing the defendant was arraigned on the charge and pled not guilty. There is no written evidence the defendant was convicted of a violation of R.S. 14:74.
The State contends, however, that an extract of minute entry by a deputy clerk, dated February 9, 1983, which reads in part as follows:
"Deft. held in contempt of court and sentenced to 6 months in Parish Prison, sentence suspended. Deft. placed on probation for a period of 4 years. Condition of probation is for deft. to make regular payments of $60 + cc per week effective Tuesday, 2/15/83. Deft. is fined $200 to be paid to the wife through the Court within 30 days."
as corrected by a purported extract of minute entry filed on August 6, 1985 and reading as follows:
"8/6/85 The minute entry of Feb. 9, 1983 is amended to reflect the following:
`Deft. found guilty of criminal neglect of family and sentenced to six months in Parish Prison, sentence suspended. Deft. placed on probation for a period of 4 years. Condition of probation is for deft. to make regular payments of $60.00 per week effective Tuesday, 2/15/83. The Court assessed a fine of $200.00 against the deft. payable within the next 30 days. The fine is to be paid through the Court and goes to the plaintiff.'
as opposed to the present minute entry in which the deft. was held in contempt.
 S/Daniel J. Gauthreaux
 Deputy Clerk"
supplies the evidence of the required conviction of a violation of R.S. 14:74 to support the subsequent orders fixing the support amount and ordering its payment.
Under the provisions of Article 810 of the Code of Criminal Procedure, the verdict of the jury (which forms the basis for a subsequent sentence) must be in writing and signed by the foreman. Article 820 of the Code of Criminal Procedure provides "all provisions of this Chapter [both Articles 810 and 820 in the same chapter of the Criminal Code] regulating the responsiveness and effect of verdict shall apply to cases tried without a jury. Hence, it follows that where the conviction is by the bench, the judge must sign the judgment for it to have the responsiveness and effect of a verdict.
Additionally, Article 87 of the Code of Juvenile Procedure requires the court to enter into the record a written judgment of its disposition following a hearing of a matter tried under its juvenile jurisdiction over children. Although the matter involved here is the conviction of an adult for criminal neglect of family, the primary purpose is to provide support for children in destitute or necessitous circumstances and, therefore, falls under the trial court's juvenile jurisdiction and, hence, must comply with the provisions of Article 87 of the Code of Juvenile Procedure.
Consequently, to supply the basis for the fixing and ordering of support payments, as contemplated by R.S. 14:74 and R.S. 15:302, absent an agreement for support, there must be a written judgment of conviction signed by the court. There is no prescribed form for the judgment and therefore an extract of minutes of the court signed by the judge would satisfy the written judgment requirements. (See Article 87 C of the Code of Juvenile Procedure.) The absolute necessity for such a rule is amply demonstrated by the effort here to provide the needed conviction by the simple expediency of correcting an extract of the minutes more than two years after the contended conviction.
Accordingly, we set aside the trial court's order dismissing the motion to terminate the support payments and order the termination of the trial court's enforcement of support payments based on the alleged conviction of the defendant of criminal nonsupport charge under the November 1982 charge.