519 So.2d 254 (1988)
STATE of Louisiana
v.
Bobby JACKSON.
No. 87-KA-405.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 1988.
Rehearing Denied February 17, 1988.
*255 Bruce G. Whittaker, Indigent Defender Bd., Gretna, for relator (defendant-appellant).
Dorothy A. Pendergast, Gretna, for respondent (plaintiff-appellee).
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GRISBAUM, Judge.
This matter arises out of our granting a writ of review concerning a plea of guilty of driving while intoxicated (DWI) pursuant to State v. Crosby. We reverse and remand for further proceedings.
FACTS
The record shows the defendant, Bobby Jackson, was operating his 1983 Oldsmobile when he was involved in a traffic accident. At the scene of the accident, an officer administered a field sobriety test to the defendant. Upon failing the test, he was placed under arrest, read his rights, and transported to the Jefferson Parish Correctional Center where he was placed on a video tape (No. 001329) and given an intoxilyzer 5000 test. The results showed a blood alcohol concentration level of .17g%.
PROCEDURAL HISTORY
On December 30, 1986, traffic citations were issued to the defendant for driving while intoxicated, La.R.S. 14:98, and for failure to maintain control of his motor vehicle, La.R.S. 32:58. A bill of information charging the defendant with the aforementioned offenses was subsequently filed. It is the driving while intoxicated charge which is the subject of the instant appeal.[1]
Arraignment was held on January 26, 1987, at which time the defendant entered a plea of not guilty. Several pretrial motions were filed, including a Motion to Produce. On March 4, 1987, the trial judge denied the defendant's motion requesting the State to produce copies of the log book. The defendant also filed a Motion to Suppress[2] regarding the results of the breath analysis machine based on the following grounds:
a) The right[s] form for the breath analysis machine threatens loss of license for consulting an attorney when no such law has been promulgated by the legislative bodies of the State of Louisiana and the Department of Public Safety does not have the authority to create such a law;
b) The document certifying the proper functioning of the breath analysis machine does not conform with the requirements set forth in the Louisiana Register with regards to inspecting said machine. [sic]
c) The State did not follow the proper procedure in operating the machine in that the breath analysis machine check list was not properly followed, the operator was not licensed to operate the machine[,] and the inspection of the machine had not been done timely or by a properly trained technician, [sic]
On March 4, 1987, the trial judge denied the motion.
Following these denials, the defendant withdrew his former plea of not guilty and entered a plea of guilty pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving his right of review. In sentencing the defendant, the trial judge states, "You are ordered to report to the probation department. When you complete the probation I won't impose a jail sentence. Your fine *256 will depend on how well you do in the program."[3]
On May 17, 1987, this Court granted defendant's writ of review and ordered that the matter be docketed by established appellate procedure.
ISSUES
The defendant has designated three specific assignments of error; however, because this matter was placed on an appellate posture for review, we have examined the record for patent error pursuant to La.C.Cr.P. art. 920 and have found the following errors which warrant reversal.
For the purpose of an error patent review, the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Agee, 508 So.2d 1033 (La.App. 5th Cir.1987).
Where the conviction has been obtained by a plea of guilty, the issue of whether the accused was properly "Boykinized" also constitutes a proper inquiry in an error patent review. State v. Godejohn, 425 So. 2d 750 (La.1983); State v. Martinez, 472 So.2d 123 (La.App. 5th Cir.1985).
THE PLEA
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court noted three federal constitutional rights which are waived by a guilty plea and declared that it would not presume waiver of these rights from a silent record. The rights in question are the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. The Louisiana Supreme Court adopted Boykin and held that it applied to all pleas of guilty subsequent to December 8, 1971. State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1981); State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
The Louisiana Supreme Court discussed Boykin and its application to misdemeanor guilty pleas in State v. Jones, 404 So.2d 1192, 1196 (La.1981), stating
[W]henever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence. See State ex rel. Jackson v. Henderson, supra, 260 La. at 101, 103 [255 So.2d 85].
Judge Edward A. Dufresne, Jr. of this Circuit interpreted State v. Jones, supra, in the unrelated recent decision State v. Jones, 517 So.2d 402 (La.App. 5th Cir.1987) by stating
While the Supreme Court in Jones, [sic] did not specifically address whether pleas entered without a contemporaneous Boykin colloquy were patently defective, in subsequent cases, pleas entered without "boykinization" have been referred to as "invalid". See State v. Moore, 410 So.2d 237 (La.1981); State v. Moore, 408 So.2d 1220 (La.1982).
Because, in a D.W.I. prosecution, the defendant's guilty plea is usually used as a basis for a sentence of imprisonment, albeit suspended, and can be used for the enhancement of the sentence of a second offender and/or for conversion of a subsequent prosecution into a felony, we hold that a contemporaneous Boykin colloquy *257 is mandated by the Supreme Court's decision in State v. Jones, supra.
The record in the present case reveals that the defendant was not properly "boykinized" before his plea was accepted. When the defendant entered his plea of guilty, the trial judge informed him that by pleading guilty he is waiving his right to a trial and his right to appellate review except on those issues reserved by the attorney. The judge additionally informed the defendant that the conviction could be used against him to make the possible penalty greater should he get another D.W.I., that his insurance rates would probably go up, and that his license would be suspended for at least ninety days. Although informing defendant of the above, the trial judge failed to advise the defendant of his right against self-incrimination and of his right to confront his accusers, as per Boykin, supra.
Accordingly, the plea is invalid.
In the present case, the transcript reflects that the trial judge informed defendant that by pleading guilty he waived his right to a trial and his right to appellate review except on those issues reserved by his attorney. The trial judge also informed defendant that the conviction could be used against him to make the possible penalty greater should he get another DWI, that his insurance would probably go up, and that his license would be suspended for at least 90 days. However, the trial judge did not advise defendant of his right against self-incrimination or of his right to confront his accusers, as mandated by Boykin, supra; State v. Jones, 404 So.2d 1192 (La. 1981); and State v. Jones, 517 So.2d 402 (La.App. 5th Cir.1987). The plea is invalid.
THE VERDICT
The lack of a signed judgment requires us to refer once again to State v. Jones, 517 So.2d 402 (La.App. 5th Cir.1987), which states
La.C.Cr.P. art. 872 provides: "A valid sentence must rest upon a valid and sufficient: (1) Statute: [sic] (2) Indictment; and (3) Verdict, judgment[,] or plea of guilty."
We find no patent invalidity in either the statute upon which the prosecution is based (LSA-R.S. 14:98) or in the charging vehicle;2 i.e., the bill of information. However, in our examination of the record we note that there is no written judgment of the disposition signed by the court.3
In State v. Jennings, 478 So.2d 913[,] [915] (La.App. 5[th] Cir.1985), this Court stated the following:
Under the provisions of Article 810 of the Code of Criminal Procedure, the verdict of the jury (which forms the basis for a subsequent sentence) must be in writing and signed by the foreman. Article 820 of the Code of Criminal Procedure provides "all [sic] provisions of this Chapter [both Articles 810 and 820 in the same chapter of the Criminal Code] regulating the responsiveness and effect of verdict shall apply to cases tried without a jury.["] Hence, it follows that where the conviction is by the bench, the judge must sign the judgment for it to have the responsiveness and effect of a verdict.
Accordingly, the failure to the court to render a written judgment is also patent error and a fatal defect in the proceedings.
In the preceding quotation, footnotes 2 and 3 read:
2 We have previously held in State v. Landry, 463 So.2d 761 (La.App. 5[th] Cir.1985), writ den.[,] 464 So.2d 1373 that a computer generated bill of information with a stamped signature of an assistant district attorney is sufficient to initiate a prosecution if the prosecution is actively pursued by the district attorney's office.
3 Nor is there any document which could be deemed an equivalent to a judgment e.g. a "Boykin" waiver and guilty plea form accepted by the trial judge or a signed commitment form.
THE SENTENCE
From our inspection of the proceedings, although not raised as an assignment of *258 error, we see the sentence does not appear to be a final one. The transcript shows the trial court simply states, "The court accepts your plea. You are ordered to report to the probation department. When you complete the probation I won't impose a jail sentence. Your fine will depend on how well you do in the program." The minutes reflect that the defendant withdrew his former plea of not quilty, pled guilty under Crosby, and was sentenced to attend the driver improvement school, a substance abuse program, and to perform 32 hours of community service in lieu of ten days Parish Prison. Upon completion of these requirements, the defendant was ordered to return for final sentencing.
We initially note that the "complete sentence" as we observe it from the transcript and the minutes could be viewed as not being a "final" sentence. However, this aspect will not prohibit our review since we granted writs. Additionally, we see that La.C.Cr.P. art. 893(A), which addresses felony matters, in pertinent part, states, "The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal." Even though this matter is not a felony, we find that, under certain circumstances, a probationary sentence represents an interlocutory decree that could cause irreparable injury. Therefore, it clearly falls within our supervisory jurisdiction and can be converted to an appeal, if we see fit.
Of equal importance, the sentence, after reading the transcript and the minutes, appears at first blush to be illegal in that the trial judge suspended the imposition of sentence until it is determined whether the defendant fulfilled the conditions of probation imposed. Our statutory law in La.R.S. 14:98, in part, reads:
B. On a first conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than five hundred dollars and imprisoned for not less than ten days nor more than six months. Imposition or execution of sentence shall not be suspended unless:

(1) The offender is placed on probation with a minimum condition that he serve two days in jail and participate in a court-approved substance abuse program and participate in a court-approved driver improvement program; or
(2) The offender is placed on probation with a minimum condition that he perform four eight-hour days of court-approved community service activities, participate in a court-approved substance abuse program and participate in a court-approved driver improvement program. (emphasis added)
Additionally, La.C.Cr.P. art. 894(A)(3) states:
When a defendant has been convicted of the misdemeanor offense of operating a vehicle while intoxicated, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed and place the defendant on unsupervised or supervised probation upon such conditions as the court may fix, where suspension is not prohibited under the law. Such suspension of sentence and probation shall be for a period of two years or such shorter period as the court may specify. (emphasis added)
In light of our statutory law, we find the trial judge is authorized to suspend the imposition of sentence until it is determined whether the defendant fulfilled the conditions of probation initially imposed. Therefore, it was quite appropriate for the trial judge to suspend imposition or execution of the sentence in accordance with La.R.S. 14:98, read in conjunction with La. C.Cr.P. art. 894(A)(3), when he placed the defendant on probation and advised the defendant he would determine the amount of the fine after completion of the conditions of probation.
However, the stamped minutes do not accurately reflect the "sentence" articulated by the trial judge as required by La.C.Cr.P. art. 871. When there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1982). We find that the "sentence" stated by the trial judge is not sufficiently definite to adequately inform the defendant of the sanctions imposed. Moreover, the sentence as stated in the Minute Entry/Stamp does not appear to be sufficiently definite to be legal *259 because the ten-day period of imprisonment mentioned therein is not specifically imposed or suspended. In State v. Jones, 517 So.2d 402 (La.App. 5th Cir.1987), the language used by the trial judge in sentencing defendant was almost identical to that used by the trial judge in this case. The language of the stamped minute entry was identical. In State v. Jones, supra, Judge Dufresne held
It is the obligation of the court (not the minute clerk or the probation department) to determine if a sentence is to be imposed immediately following conviction or if the imposition of sentence is to be suspended.
If either the execution or the imposition of the sentence is to be deferred, it likewise is the obligation of the court to impose probation, and to set its term and conditions. See generally C.Cr.P. arts[.] 894, 895 and compare State v. Hardy, 432 So.2d 865 (La.1983).
. . . .
The purpose of requiring the defendant's presence at sentencing and of pronouncing the sentence in open court is to insure the defendant is apprised of the punishment imposed, [sic] See C.Cr.P. art[s]. 835, 871 and comments thereunder. Accordingly, the failure of the trial judge to fully articulate the sentence and the failure of [the] clerk to accurately reflect what was stated operate[d] to the detriment of the accused.
Since the `sentence' stated by the trial judge following the defendant's plea of guilty is not in conformity with statutory authority, it is hereby vacated.
CONCLUSION
For the foregoing reasons, the defendant's plea and sentence are vacated, and the matter is remanded for further proceedings not inconsistent with this opinion.
PLEA AND SENTENCE VACATED, REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] The charge of careless operation of a motor vehicle was dismissed by the State upon the defendant's plea of guilty to the charge of driving while intoxicated.
[2] In State v. Tanner, 457 So.2d 1172 (La.1984), the Louisiana Supreme Court held that a motion to suppress is available to question the admissibility of chemical test results that can result in the legal presumption of intoxication.
[3] The minute entry indicates that the defendant was sentenced to attend driver improvement school, a substance abuse program, and to perform 32 hours of community service in lieu of ten days in Parish Prison. Upon completion of these requirements, the defendant was to return for final sentencing.