520 So.2d 463 (1988)
STATE of Louisiana
v.
Alan DAVENPORT.
No. 87-KA-414.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
Rehearing Denied March 17, 1988.
*464 Martha Sassone, Indigent Defender Bd., Gretna, for Davenport.
Dorothy A. Pendergast, Asst. Dist. Atty., Dist. Atty's Office, Twenty-Fourth Judicial Dist., Gretna, for State.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GRISBAUM, Judge.
This matter arises out of a writ of review, which was granted by this Court, regarding defendant's conviction for direct contempt of court under La.C.Cr.P. art. 21, for the reckless operation of a motor vehicle under La.R.S. 14:99, and for driving without a license under La.R.S. 32:411(D). We reverse and remand.
The basic facts are not relevant to the issues presented, and, accordingly, need not be repeated.
In his brief, the defendant raised one assignment of error; however, because this matter was placed in an appellate posture for review, we have examined the record for patent error pursuant to La.C.Cr.P. art. 920 and have found the following errors which warrant reversal.
For the purpose of an error patent review, the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Agee, 508 So.2d 1033 (La.App. 5th Cir.1987).
Where the conviction has been obtained by a plea of guilty, the issue of whether the accused was properly "Boykinized" also constitutes a proper inquiry in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Martinez, 472 So.2d 123 (La.App. 5th Cir.1985).
THE PLEA
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. The court then announced its unwillingness to presume waiver of these rights from a silent record. Boykin was adopted by the Louisiana Supreme Court and was held to apply to all pleas of guilty subsequent to December 8, 1971. State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1981); State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
In this case, the defendant pled guilty to reckless operation of a motor vehicle and driving without a license in his possession, and he received a sentence of six months, suspended, for these offenses. No Boykin colloquy took place prior to the entry of the guilty plea. The record contains no waiver of rights form and is silent as to whether defendant was informed of his rights and whether he knowingly and voluntarily waived those rights by pleading guilty. In State v. Jones, 404 So.2d 1192, 1196 (La.1981), the Louisiana Supreme Court determined that in misdemeanor cases, "boykinization" is only required for *465 guilty pleas that will be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony. Although the defendant was not subject to actual imprisonment at the time the suspended sentence was imposed, this suspended sentence could be used as a basis for actual imprisonment should the defendant violate the conditions of probation, which the trial judge failed to providesee discussion, infra.
Accordingly, the plea is invalid. See State v. Jones, 517 So.2d 402 (La.App. 5th Cir.1987).
THE VERDICT
La.C.Cr.P. art. 872 provides, "A valid sentence must rest upon a valid and sufficient: (1) Statute; (2) Indictment; and (3) Verdict, judgment, or plea of guilty."
In State v. Jennings, 478 So.2d 913, 915 (La.App. 5th Cir.1985), this Court states
Under the provisions of Article 810 of the Code of Criminal Procedure, the verdict of the jury (which forms the basis for a subsequent sentence) must be in writing and signed by the foreman. Article 820 of the Code of Criminal Procedure provides "all [sic] provisions of this Chapter [both Articles 810 and 820 in the same chapter of the Criminal Code] regulating the responsiveness and effect of verdict shall apply to cases tried without a jury.["] Hence, it follows that where the conviction is by the bench, the judge must sign the judgment for it to have the responsiveness and effect of a verdict.
Upon examining the record, we found an unsigned minute entry and a transcript of the oral verdict rendered by the trial court. However, there is no judgment signed by the trial court. The failure of the court to render a written judgment is patent error and a fatal defect in the proceedings. State v. Jones, supra.
THE SENTENCE
Finally, patent error is present in the sentencing of the defendant. The defendant pled guilty to reckless operation of a motor vehicle and to driving without a license on his person. Those crimes were charged as two separate counts on the bill of information. However, the trial court sentenced the defendant to a single term of six months, suspended.
The defendant was convicted of reckless operation of a motor vehicle (first offense) in violation of La.R.S. 14:99, which, in part, provides, "Whoever commits the crime of reckless operation of a vehicle shall be fined not more than two hundred dollars, or imprisoned for not more than ninety days, or both." The defendant was also convicted of driving without a license in violation of La.R.S. 32:411(D), the penalty for which is provided in La.R.S. 32:57(A):
The first violation of the provisions of this Chapter or any regulation of the department, secretary, and commissioner made pursuant thereto shall be punished by a fine of not more than one hundred seventy-five dollars or by imprisonment for not more than thirty days, or both, unless otherwise specifically provided. A subsequent violation shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than ninety days, or both.
It was not alleged that the violation of Title 32 was a second offense; therefore, it should be considered a first offense.
This sentence is illegal because it exceeds the statutory maximum allowed by the statute. The maximum penalty for reckless operation of a motor vehicle, first offense, is 90 days. The maximum penalty for driving without a license, first offense, is 30 days. The trial court sentenced the defendant to six months, or roughly 180 days. Even if the court imposed two consecutive sentences, the maximum term would have been 120 days, and the 180-day term would be excessive.
Moreover, the defendant was convicted of two counts, and the trial court sentenced him to only one six-month sentence. When two or more offenses are based on the same act or transaction, a more appropriate sentence is two terms, to be served concurrently. La.C.Cr.P. art. 883; State v. Sherer, 437 So.2d 276 (La. 1983).
*466 We also note that the trial court provided that the excessive six-month term of imprisonment was to be suspended; however, the trial court failed to place the defendant on probation, in violation of La. C.Cr.P. art. 894(A)(1), which states
When a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed and place the defendant on unsupervised probation upon such conditions as the court may fix, where suspension is not prohibited under the law. Such suspension of sentence and probation shall be for a period of two years or such shorter period as the court may specify.
In State v. Jones, supra, this Court states, "If either the execution or the imposition of the sentence is to be deferred, it ... is the obligation of the court to impose probation, and to set its term[s] and conditions. See generally [La.]C.Cr.P. arts[.] 894, 895 and compare State v. Hardy, 432 So.2d 865 (La.1983)."
The trial court also sentenced the defendant for direct contempt of court. La.C.Cr. P. art. 22 provides the procedure for punishing direct contempt, stating, in partinent part, "The court shall render an order reciting the facts constituting the contempt, adjudging the person guilty thereof, and specifying the punishment imposed." No such order appears in the record. Moreover, the "sentence" orally imposed after the adjudication of contempt is confusing and seems to conflict with the unsigned minute entry. On the day the defendant failed to appear, he was to be tried for two cases: (1) case 372-294, in which he was charged with simple criminal damage and resisting a police officer, and (2) case 368-184, in which he was charged with the reckless operation of a motor vehicle and driving without a license. The transcript of the contempt proceedings clearly reflects that the defendant was found guilty of contempt for failure to appear for trial in case 372-294. The minute entry reflects that the defendant was also held in contempt for failure to appear for trial in case 368-184, the subject of this appeal, which was scheduled for the same day. Whether the defendant was found guilty of this second contempt is unclear from the transcript. One could conclude after reading the transcript that the court did not find the defendant guilty of the second contempt because the trial court found the defendant guilty of contempt as to case 372-294 and did not mention contempt when it handled case 368-184.
When there was a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). However, the "sentence" stated by the trial judge is not sufficiently definite to adequately inform the defendant (or this Court) of the sanctions imposed. In the recent case, State v. Jones, supra, this Court addressed a similar issue, stating
The purpose of requiring the defendant's presence at sentencing and of pronouncing the sentence in open court is to insure the defendant is apprised of the punishment imposed, [sic] See C.Cr.P. art[s]. 835, 871 and comments thereunder. Accordingly, the failure of the trial judge to fully articulate the sentence and the failure of [the] clerk to accurately reflect what was stated operate[d] to the detriment of the accused.
The "sentence" stated by the trial judge is not in conformity with statutory authority, and this lack of compliance has operated to the detriment of the accused, as he is presently incarcerated without adequate written evidence of his sentence.
For the foregoing reasons, the defendant's plea and sentences are vacated, and the matter is remanded for further proceedings consistent with this opinion.
PLEA AND SENTENCES VACATED, REMANDED FOR FURTHER PROCEEDINGS.