520 So.2d 456 (1988)
STATE of Louisiana
v.
Kerry W. WEILBAECHER.
No. 87-KA-606.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
Rehearing Denied March 17, 1988.
Wayne Douglas Mancuso, Harahan, for appellant.
John M. Mamoulides, Dist. Atty., Harvey Green, Asst. Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for appellee.
Before CHEHARDY, C.J., and GAUDIN and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
Defendant, Kerry Weilbaecher, filed a writ of review from his convictions of driving while intoxicated (DWI), a violation of LSA-R.S. 14:98, and speeding in violation of LSA-R.S. 32:61. Following his conviction of DWI defendant was sentenced to six months in jail and fined $300 plus costs. Pursuant to the speeding conviction, defendant was fined $25 and court costs for that charge as well. The trial judge thereafter suspended his sentence and placed defendant on active probation with the conditions that he perform four 8-hour days of court-approved community service, that he attend a substance abuse clinic program, that he attend driver improvement school, and that he pay the fines and costs imposed by the court.
*457 On May 22, 1987, this court granted defendant's writ of review and ordered that the matter be docketed by established appellate procedure.
On appeal defendant asserts the evidence was insufficient to convict him of DWI. However, because this matter was placed in an appellate posture for review, we have examined the record for patent error pursuant to LSA-C.Cr.P. art. 920 and have found a defect that requires dismissal.
Under LSA-C.Cr.P. art. 872, a valid sentence is dependent upon a valid and sufficient (1) statute; (2) indictment; and (3) verdict, judgment, or plea of guilty. While we find no patent invalidity in the statute upon which the prosecution is based or in the bill of information, we do find the record lacks a written, signed judgment by the trial judge reflecting the disposition of the case. (Nor do we find any other document which could be deemed an equivalent to a judgment.)
In State v. Jennings, 478 So.2d 913 (La.App. 5 Cir.1985), writ denied 481 So.2d 636 (La.1986), this court reviewed an enforcement of support order which was based on defendant's conviction of neglect of family, a misdemeanor violation of LSA-R.S. 14:74. There, the court set aside the order because it was based on a conviction not evidenced by a written, signed judgment. In setting aside the order, the court held that where a conviction is by the Bench, the judge must sign the judgment in order for it to have the responsiveness and effect of a verdict. This conclusion was reached after analyzing the provisions of LSA-C.Cr.P. art. 810 and LSA-C.Cr.P. art. 820, C.Cr.P. art. 810 provides that the verdict of a jury (which forms the basis for a subsequent sentence) must be in writing and signed by the foreman. Under C.Cr.P. art. 820, "[a]ll provisions of this Chapter [which include arts. 810 and 820] regulating the responsiveness and effect of verdicts shall apply to cases tried without a jury." Hence it follows that a written, signed judgment is required in this case.
Accordingly, the appeal is hereby dismissed for lack of a signed judgment, reserving to defendant the right to refile his writ application or appeal after obtaining a signed judgment as required by law.
APPEAL DISMISSED.