CHEHARDY, Chief Judge.
Defendant, Joseph Schroder, was charged with, and subsequently convicted of, simple battery (LSA-R.S. 14:35) in a judge trial. Following his conviction defendant was sentenced to serve five days in parish prison. He thereafter filed an application for supervisory writs and this court granted a writ of review ordering the matter be lodged as an appeal.
On appeal defendant asserts the evidence was insufficient to justify the verdict, although he failed to assign any errors in the trial court as required by LSA-C.Cr.P. art. 844. Prior to amendment of that article in 1984, the courts indicated that errors not properly assigned under C.Cr.P. art. 844 need not be addressed on appeal. The article was amended, however, to specifically provide sanctions for the failure to assign errors in the trial court. Since those sanctions do not include authorization for the court of appeal to disregard assignments presented for the first time on appeal, the error is properly before the court for review. See State v. Boudreaux, 504 So.2d 1165 (La.App. 5 Cir.1987).
The testimony in this case shows that on Mardi Gras day, 1987, defendant and several friends attended the Choctaw parade. The victim, Ms. Miranda St. Amant, her sister, mother, children and her sister’s children were also watching the parade from the back of a pick-up truck. Defendant and his friends were viewing the parade from the ground. From this point on the defendant’s and the victim’s versions of the events leading to the defendant’s arrest differ.
Ms. St. Amant and her sister, Janet Ronquille, testified that during the parade Ms. St. Amant was called to the float by one of the float riders who then gave her a cup and some beads. These witnesses stated that when Ms. St. Amant turned around to return to the truck, defendant, who was standing behind her, struck her in the face with his fist for no apparent reason. As a result, Ms. Ronquille ran to a police car which was following the float to obtain help for Ms. St. Amant who was bleeding. Photographs taken a few days after the incident showed bruises on Ms. St. Amant’s *441 face and a blackened eye. Further, Ms. St. Amant testified she also suffered a fracture to her nose.
Defendant and his witness, Fred Gassen, stated the defendant was called to the float to receive a black cup by a rider. They contended that Ms. St. Amant struck defendant in the mouth when he started to return to his friends. Defendant admitted he hit Ms. St. Amant, but testified he did so reflexively when she struck him. He further claimed that the impact was not forceful enough to have caused the damage Ms. St. Amant claims to have sustained.
The police officers at the scene, responding to Ms. Ronquille’s plea for assistance, arrested defendant shortly after the incident.
On reviewing a conviction for sufficiency of the evidence, the court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edge, 504 So.2d 1169 (La.App. 5 Cir.1987), writ denied, 507 So.2d 226 (La.1987).
LSA-R.S. 14:33 defines battery in pertinent part as “the intentional use of force or violence upon the person of another.” Simple battery is “a battery committed without the consent of the victim.” LSA-R.S. 14:35. By defendant’s own admission, he committed a battery upon Ms. St. Amant. However, his assertion that she struck him first raises the question of whether his conduct was justifiable.
The applicable articles of the Criminal Code relating to justification are found in LSA-R.S. 14:18 and R.S. 14:19. R.S. 14:18 provides in pertinent part:
“The fact that an offender’s conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances:
******
(7) When the offender’s conduct is in defense of persons or of property under any of the circumstances described in Articles 19 through 22.”
R.S. 14:19 permits the use of force or violence in defense of persons or property only when:
“[CJommitted for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person’s lawful possession; provided that the force of violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.”
In this case the only conclusive evidence produced at trial was the fact that defendant struck Ms. St. Amant. The trial judge, in oral comments made prior to finding defendant guilty, stated he believed Ms. St. Amant’s version of the incident. It is not the function of the reviewing court to reassess credibility determinations beyond an evaluation of sufficiency under the Jackson standard. State v. Jasper, 506 So.2d 211 (La.App. 5 Cir.1987). Under that standard, after reviewing the evidence here in the light most favorable to the prosecution, we find a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Thus the evidence was sufficient to convict defendant of the offense charged.
In addition to defendant’s assignment of error we have reviewed the record for error patent pursuant to the provisions of LSA-C.Cr.P. art. 920.
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Gaines, 508 *442 So.2d 1017 (La.App. 5 Cir.1987). In this regard we have found several errors.
We first find that the district attorney failed to sign the bill of information as required by LSA-C.Cr.P. art. 384. That article provides as follows:
“An information is a written accusation of crime made by the district attorney and signed by him. It must be filed in open court in a court having jurisdiction to try the offense, or in the office of the clerk thereof.”
In State v. Landry, 463 So.2d 761 (La.App. 5 Cir.1985), writ denied 464 So.2d 1373 (La.1985), this court held that when the accusation against a defendant has been actively prosecuted and no objection has been made to an otherwise valid bill of information, the absence of the district attorney’s signature is harmless error. Consequently, the defect does not merit reversal. LSA-C.Cr.P. art. 921.
The second error we notice is that the minutes fail to reflect the defendant’s presence at trial, judgment and sentencing. However, it is apparent from the transcript that defendant was in fact in attendance at the trial, which was immediately followed by the verdict and sentence. Thus, this error is harmless as well.
Finally, our review of the record discloses the judgment of conviction is not reduced to a formal written document. The judgment, however, is written on the face of the bill of information and was initialled by the trial judge.
LSA-C.Cr.P. art. 872 provides, “A valid sentence must rest upon a valid and sufficient: (1) Statute; (2) Indictment; and (3) Verdict, judgment, or plea of guilty.” In State v. Jennings, 478 So.2d 913 (La.App. 5 Cir.1985), this court determined that a written signed judgment is necessary in non-jury cases as well as jury cases in order for a judgment of conviction to have the responsiveness and effect of a verdict. Recent decisions from this court have held the absence of such is a defect fatal to the proceedings. State v. Jones, 517 So.2d 402 (La.App. 5 Cir.1987), writ denied 522 So.2d 560 (La.1988); State v. Jackson, 519 So.2d 254 (La.App. 5 Cir.1988); State v. Robert, 518 So.2d 1169 (La.App. 5 Cir.1988).
In the aforementioned cases this court further found other defects, i.e. invalid guilty pleas and sentencing errors, which necessitated a remand after vacating the convictions and sentences. In another decision from this court, however, State v. Weilbaecher, 520 So.2d 456 (La.App. 5 Cir.1988), handed down February 8, 1988, the sole error was the absence of the written signed judgment. There we simply dismissed the appeal, reserving the right to defendant to refile his writ application or appeal after obtaining a signed judgment.
Unlike Jennings, Jones, Jackson, Robert and Weilbaecher, the judgment in this case has been reduced to writing on the face of the bill of information. While the judgment lacks a signature, the trial judge init-ialled the writing, and the written judgment coincides with the findings of the trial judge as stated in the transcript. Under these circumstances we find the judgment is valid.
Accordingly, the defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.