ORDER
Defendant appealed from a revocation of probation. A probation revocation is not appealable and the proper procedure for appellate review is by application for writs. Accordingly, the appeal is dismissed and the filing is considered as a writ application.
Applicant contends that the probation revocation is invalid because there was no signed judgment of the conviction and sentence which imposed probation in the record of this case at the time of the probation revocation hearing. Applicant relies on State v. Jennings, 478 So.2d 913 (La.App. 5th Cir.1985), writ denied 481 So.2d 636 (La.1986); State v. Jones, 517 So.2d 402 (La.App. 5th Cir.1987), writ denied 522 So.2d 560 (La.1988); State v. Robert, 518 So.2d 1169 (La.App. 5th Cir.1988); State v. Jackson, 519 So.2d 254 (La.App. 5th Cir.1988); State v. Davenport, 520 So.2d 463 (La.App. 5th Cir.1988); and State v. Weilbaecher, 520 So.2d 456 (La.App. 5th Cir. 1988), a line of decisions by the Fifth Circuit Court of Appeal which hold that in order for a conviction and sentence to be effective there must be a judgment signed by the district judge.
In this case, the minutes of the district court reflect the conviction and probationary sentence on May 4, 1987.[1]
While a formal written and signed judgment of conviction and sentence is preferable procedure, it is not required by the Code of Criminal Procedure. The only formal requirement is that a sentence shall be pronounced orally in open court and recorded in the minutes of the court. LSA-C.Cr.P. Art. 871. We respectfully disagree with and decline to follow the decisions of the Fifth Circuit cited above.
The minutes of the district court reflect that the probationary sentence was pronounced in open court and recorded in the minutes in accordance with Article 871.
LSA-C.Cr.P. Art. 872 requires that a valid sentence must rest upon a valid and sufficient statute, indictment, and verdict, judgment or plea of guilty. There is no contention in this ease that the statute, information, or guilty plea was invalid. Article 872 does not relate to the form or formalities of the rendering or pronouncement of conviction or sentence.
Defendant’s sentence was valid and effective and, the state having established a violation of the conditions of probation by *1179 subsequent criminal activity, the probation was properly revoked.
Accordingly, the appeal is dismissed and the writ application is denied.

. The record lodged in this court reflects a judgment purporting to have been signed by the district judge on May 4, 1987, but which was stamped filed on June 10, 1988, after the May 31, 1988 probation revocation hearing, and which refers to the probation revocation. The judgment does not reflect the full terms of the original sentence as shown by the minutes. Because of the circumstances and deficiencies in this document, we do not consider it a formal signed judgment for purposes of determining the issue presented.