536 So.2d 601 (1988)
STATE of Louisiana
v.
Russell WILL.
No. KW 88 0820.
Court of Appeal of Louisiana, First Circuit.
November 22, 1988.
William R. Campbell, Jr., New Orleans, for State.
Walter P. Reed, Dist. Atty., Covington, Wendell E. Tanner, Slidell, for Will.
Before CARTER, LANIER and LeBLANC, JJ.
LANIER, Judge.
The defendant, Russell Will, was charged with third offense driving while intoxicated (DWI), in violation of La.R.S. 14:98. He filed a motion to quash, asserting the predicate offenses could not be used to enhance the charge because he was not properly Boykinized when he pled guilty to them. The trial court quashed one of the predicate offenses on this basis. The state deleted the quashed predicate offense and amended the charge to second offense DWI. The defendant then verbally amended and reurged his motion to quash, asserting the second predicate offense was not valid because there was no "written judgment of disposition signed by the trial court" for it, citing State v. Jackson, 519 So.2d 254 (La.App. 5th Cir.1988). The state stipulated there was no written judgment for the second predicate offense. The trial court denied the amended motion to quash. The defendant then pled guilty to second offense DWI and reserved his right to contest the trial court's ruling on the amended motion to quash in a writ of review. State v. Crosby, 338 So.2d 584 (La.1976). On the defendant's application, this writ of review was granted.

*602 FACTS
Russell Will was charged with committing third offense DWI on June 7, 1987, in St. Tammany Parish, Louisiana. The state alleged he previously pled guilty to DWI in the Slidell City Court on January 19, 1984, and pled guilty to DWI in the Twenty-Second Judicial District Court on May 1, 1986. The trial court quashed the Slidell City Court predicate offense.
The bill of information, court minutes and Boykin transcript for the Twenty-Second Judicial District Court predicate offense were filed in evidence. The bill of information shows that Will was charged with committing second offense DWI on September 20, 1985. The minute entry for May 1, 1986, pertaining to this predicate offense shows, in pertinent part, the following:
The defendant being present in open Court attended by his Counsel, Richard M. Larson and this matter being on assignment for trial, asked leave of Court to withdraw his previously entered plea of not guilty and entered a plea of guilty, the defendant being charged with driving while intoxicated, 2nd offense, whereupon, Court questioned the defendant as to the knowledge of the charge against him, his right to an attorney, right to trial or trial by jury, right against self-incrimination, right to confront his accusers, and the right to appeal if he were to go to trial and been found guilty and further advising him that subsequent convictions could result in greater penalties having been fully explained to him by the Court and the Court being satisfied that the defendant is fully aware of his rights, accepted the plea of guilty and the following sentence was imposed: ...
The extract of the minute entry indicates it was signed by Judge Stephen A. Duczer.
NECESSITY FOR A WRITTEN JUDGMENT WHEN A GUILTY PLEA IS ENTERED BY A DEFENDANT IN A CRIMINAL CASE
The defendant contends the trial court erred "in denying relator's Motion to Quash and/or Suppress which alleged the guilty plea entered May 1, 1986, # 140004, 22nd Judicial District Court, Parish of St. Tammany, Louisiana, was invalid due to the lack of a written judgment of disposition signed by the trial court." Defendant cites as authority the cases of State v. Jennings, 478 So.2d 913 (La.App. 5th Cir. 1985), writ denied, 481 So.2d 636 (La.1986); State v. Jones, 517 So.2d 402 (La.App. 5th Cir.1987), writ denied, 522 So.2d 560 (La. 1988); State v. Jackson, 519 So.2d 254 (La. App. 5th Cir.1988); State v. Weilbaecher, 520 So.2d 456 (La.App. 5th Cir.1988); State v. Davenport, 520 So.2d 463 (La.App. 5th Cir.1988). See also State v. Robert, 518 So.2d 1169 (La.App. 5th Cir.1988).
In Jennings, the defendant was charged with criminal neglect of family, in violation of La.R.S. 14:74. He pled not guilty and subsequently was found guilty and sentenced. Part of his sentence required him to make weekly support payments. He then filed a motion to terminate the support payments because his child was no longer in destitute and necessitous circumstances, and the record in his case did not contain proof of his conviction. The trial court dismissed the motion. The court of appeal reversed and terminated the support payments with the following rationale:
Under the provisions of Article 810 of the Code of Criminal Procedure, the verdict of the jury (which forms the basis for a subsequent sentence) must be in writing and signed by the foreman. Article 820 of the Code of Criminal Procedure provides "all provisions of this Chapter [both Articles 810 and 820 in the same chapter of the Criminal Code] regulating the responsiveness and effect of verdict shall apply to cases tried without a jury." Hence, it follows that where the conviction is by the bench, the judge must sign the judgment for it to have the responsiveness and effect of a verdict.
Additionally, Article 87 of the Code of Juvenile Procedure requires the court to enter into the record a written judgment of its disposition following a hearing of a matter tried under its juvenile jurisdiction over children. Although the matter involved here is the conviction of an adult for criminal neglect of family, the *603 primary purpose is to provide support for children in destitute or necessitous circumstances and, therefore, falls under the trial court's juvenile jurisdiction and, hence, must comply with the provisions of Article 87 of the Code of Juvenile Procedure.
Consequently, to supply the basis for the fixing and ordering of support payments, as contemplated by R.S. 14:74 and R.S. 15:302, absent an agreement for support, there must be a written judgment of conviction signed by the court. There is no prescribed form for the judgment and therefore an extract of minutes of the court signed by the judge would satisfy the written judgment requirements. (See Article 87 C of the Code of Juvenile Procedure.) The absolute necessity for such a rule is amply demonstrated by the effort here to provide the needed conviction by the simple expediency of correcting an extract of the minutes more than two years after the contended conviction.
The instant case is distinguishable from Jennings on two grounds: (1) the predicate offense herein is not subject to the jurisdiction of the juvenile court as was the criminal neglect of family charge in Jennings (La.C.J.P. art. 16, subd. A[3]), and, thus, La.C.J.P. art. 87[1] does not apply to it, and (2) the conviction in the predicate offense herein is based on a plea of guilty, and not on a judgment of guilty as in Jennings, and, thus, La.C.Cr.P. arts. 810 and 820 are not applicable.
La.C.Cr.P. art. 872 provides as follows:
A valid sentence must rest upon a valid and sufficient:
(1) Statute;
(2) Indictment; and
(3) Verdict, judgment, or plea of guilty. (Emphasis added.)
The words, verdict, judgment and plea, are separated by the disjunctive conjunction "or"; thus, a verdict of guilty, a judgment of guilty or a plea of guilty provide the basis for a sentence in a criminal case. La.C.Cr.P. art. 6(2) and (4). Cf. La.C.C.P. art. 5056; La.C.J.P. art. 5; La.R.S. 1:9; *604 State v. Brenner, 486 So.2d 101 (La.1986). A verdict is the answer of a jury made upon any cause, civil or criminal, committed by the court to their examination; it is the culmination of a jury trial and embodies the conclusions of the jury upon the questions of fact litigated in the case. State v. Bolton, 408 So.2d 250 (La.1981). A judgment in a criminal case is a decision of court. Black's Law Dictionary, p. 755 (5th ed. 1979). A plea in a criminal case is the defendant's response to the criminal charge. Black's Law Dictionary, p. 1036 (5th ed. 1979). The only authorized pleas in the Code of Criminal Procedure are guilty, not guilty, not guilty and not guilty by reason of insanity and nolo contendere. La.C.Cr.P. art. 552. A plea of guilty is a confession of guilt in court. Black's Law Dictionary, p. 1037 (5th ed. 1979). Official Revision Comment (d) for La.C.Cr.P. art. 872 provides as follows:
The final requirement for a valid sentence is a valid and sufficient verdict, judgment, or plea of guilty. Most challenges of sentences have been directed at the sufficiency and validity of the verdict.... Similarly, if the sentence is based upon a judgment of guilt in a case tried without a jury, or upon a plea of guilty, it will also be necessary that the judgment or plea meet the basic requirement of inherent validity. (Emphasis added.)
There was a plea of guilty entered in the predicate offense being challenged herein. The Louisiana Code of Criminal Procedure provides for pleas in criminal cases in Title XVI, which is comprised of Articles 551 through 561. La.C.Cr.P. art. 551 provides as follows:
The arraignment consists of the reading of the indictment to the defendant by the clerk in open court, and the court calling upon the defendant to plead. Reading of the indictment may be waived by the defendant at the discretion and with the permission of the court. The arraignment and the defendant's plea shall be entered in the minutes of the court and shall constitute a part of the record. (Emphasis added.)
Official Revision Comment (e) for La.C. Cr.P. art. 551 provides, in pertinent part, as follows:

The requirement that the arraignment and the defendant's plea shall be entered upon the minutes of the court and shall constitute a part of the record insures an authentic record of this important stage of the prosecution. Accord: A.L.I. Code of Criminal Procedure, § 201. The phrase "shall constitute a part of the record" is employed to make doubly certain that the arraignment and plea shall, in accordance with the Louisiana jurisprudence, be considered a matter of record. (Emphasis added.)
La.C.Cr.P. art. 553(A) provides, in pertinent part, as follows:
In misdemeanor cases, the defendant may plead not guilty through counsel, and may plead guilty through counsel with consent of the court.... The plea shall be made in open court and shall be immediately entered in the minutes of the court. A failure to enter a plea in the minutes shall not affect the validity of any proceeding in the case. (Emphasis added.)
Official Revision Comment (d) for La.C. Cr.P. art. 553 provides as follows:

Official recordation of the defendant's plea is provided by the requirement that defendant's plea shall be promptly entered in the minutes of the court. The concluding savings provision negatives possible attack upon the validity of an otherwise properly conducted trial by reason of the clerk's failure to make the required minute entry of the defendant's plea. The recordation and saving provisions are taken from Sec. 222 of the A.L.I. Code of Criminal Procedure. (Emphasis added.)
The minutes of a district court are kept by the clerk of court or one of his deputies. La. Const. of 1974, art. V, § 28(A); La.C. Cr.P. art. 131; La.R.S. 13:910. Cf. La.C. C.P. arts. 254 and 256. There is no requirement in La.C.Cr.P. art. 551 et seq. that a trial court judge execute a written judgment of guilty when a defendant in a criminal *605 case enters a plea of guilty. All that is required is that the clerk of court, or his authorized deputy, record the plea of guilty in the court minutes.[2] That was done for the contested predicate offense in the instant case. The judgment of the trial court, which denied the amended motion to quash, is correct.
La.C.Cr.P. arts. 810 and 820 do not apply to guilty pleas. These code articles are found in the Code of Criminal Procedure in Title XXVI on Trial Procedure. If a defendant in a criminal case pleads guilty, there is no trial. Title XXVI has four chapters in it: Chapter 1 has general provisions applicable to all trials (La.C.Cr.P. arts. 761-778); Chapter 2 applies to trials without juries (judge trials) (La.C.Cr.P. arts. 779-781); Chapter 3 applies to trials by jury (La.C.Cr.P. arts. 782-808); and Chapter 4 applies to jury verdicts (La.C. Cr.P. arts. 809-821). La.C.Cr.P. art. 810 is in Chapter 4 (Verdicts) of Title XXVI (Trial Procedure), pertains to the form and delivery of jury verdicts, and provides as follows:
When a verdict has been agreed upon, the foreman shall write the verdict on the back of the list of responsive verdicts given to the jury and shall sign it. There shall be no formal requirement as to the language of the verdict except that it shall clearly convey the intention of the jury.

The foreman of the jury shall deliver the verdict to the judge in open court. (Emphasis added.)
Article 810 provides for a written[3]verdict in a criminal case when there is a trial by jury. A plea is not a trial by jury, and a guilty plea is not a verdict of guilt. La.C. Cr.P. art. 820 also is in Chapter 4 of Title XXVI and provides as follows:
All provisions of this Chapter regulating the responsiveness and effect of verdicts shall apply to cases tried without a jury. (Emphasis added.)
Chapter 4 provides for verdicts in trials by jury. Article 820 makes those provisions of Chapter 4, pertaining to responsiveness and effect of jury verdicts, applicable to Chapter 2 cases which are tried by a judge (without a jury).[4] A plea is not a trial by judge, and a guilty plea is not a judgment of guilt.
In Jones, the defendant was charged with DWI. He filed various pretrial motions which were denied. He then pled guilty and reserved his right to contest the adverse rulings on his pretrial motions on review. The Louisiana Fifth Circuit Court of Appeals found as patent error that the trial court failed to properly Boykinize Jones because it did not advise him of his rights against self-incrimination and to confront the witnesses against him. Jones' plea was declared invalid and set aside. In dictum, the court observed as follows in Jones, 517 So.2d at 405:

*606 However, in our examination of the record we note that there is no written judgment of the disposition signed by the court.3
. . . .
Accordingly, the failure of the court to render a written judgment is also patent error and a fatal defect in the proceedings.
3. Nor is there any document which could be deemed an equivalent to a judgment e.g. a "Boykin" waiver and guilty plea form accepted by the trial judge or a signed commitment form.
The court cited La.C.Cr.P. arts. 810 and 820 and Jennings as authority for this holding. The Robert, Jackson and Davenport cases are similar to the Jones case. Jennings is distinguishable from Jones because it involved a judgment of guilty, whereas Jones involved a plea of guilty. Jones is distinguishable from the instant case because it was a direct attack on a DWI conviction on review, whereas the instant case involves a collateral attack on a predicate offense conviction. For the reasons heretofore set forth, we do not agree that a written judgment of guilt is required when a defendant in a criminal case enters a plea of guilty and decline to follow the holding of Jones and its progeny.
In Weilbaecher, the defendant was convicted of DWI and speeding after a trial by judge. A writ of review was granted. The court of appeal noted as patent error that there was no signed judgment, or any other document which could be deemed equivalent to a judgment, in the record reflecting the disposition of the case. The court found this to be error based on Jennings and La.C.Cr.P. arts. 810 and 820. The writ was dismissed for lack of a signed judgment, reserving to the defendant the right to refile his writ after obtaining a signed judgment. Weilbaecher is distinguishable from the instant case because it involved a judgment of guilty and not a plea of guilty. Further, it involved a direct attack on the validity of a conviction and not a collateral attack on a predicate offense. Weilbaecher is not controlling in this case.

DECREE
For the foregoing reasons, the writ of review previously issued herein is recalled, and the supervisory relief requested by the defendant is denied.
WRIT OF REVIEW RECALLED AND SUPERVISORY RELIEF DENIED.
NOTES
[1] We believe there is a serious question as to whether La.C.J.P. art. 87 is applicable when an adult is convicted in juvenile court for criminal neglect of family. La.C.J.P. art. 24 provides as follows:

The provisions of this Code, except as otherwise specially provided in the law being applied, shall govern and regulate the proceedings of courts exercising juvenile jurisdiction.
Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a criminal trial of an adult; or
(2) The Code of Civil Procedure in all other matters.
La.C.Cr.P. art. 15(A) provides as follows:
The provisions of this Code, except as otherwise specially provided by other statutes, shall govern and regulate the procedure in criminal prosecutions and proceedings in district courts. They also shall govern criminal prosecutions in city, parish, juvenile, and family courts, except insofar as a particular provision is incompatible with the general nature and organization of, or special procedures established or authorized by law for, those courts.
La.C.J.P. art. 87(A) and (E) provide as follows:
A. The court shall enter into the record a written judgment of disposition specifying the following:
(1) The nature of the disposition.
(2) The maximum duration of the disposition and, if committed to the Department of Public Safety and Corrections, the maximum term of the commitment.
(3) The agency, institution, or person to whom the child is assigned.
(4) The conditions of probation, if applicable, and
(5) Any other applicable terms and conditions regarding the disposition.
E. Upon request, a copy of the judgment of disposition shall be furnished to the parent. (Emphasis added.)
La.C.J.P. art. 87 is located in Title IV of the Code of Juvenile Procedure which contains La. C.J.P. arts. 78 through 94. A review of these articles indicates that a disposition in a juvenile proceeding is equivalent to a sentence in a criminal proceeding. Thus, the "written judgment of disposition" provided for in La.C.J.P. art. 87 is essentially a judgment of "sentence," not a judgment finding "guilt" or "innocence." The "guilt" or "innocence" of a juvenile is determined in an adjudication hearing which is provided for in Title III of the Code of Juvenile Procedure, which contains La.C.J.P. arts. 67 through 77, or in the juvenile's answer to the petition provided for in La.C.J.P. arts. 53 through 55. Thus, it could be argued that the Code of Juvenile Procedure articles are not designed to apply to trials of adults in juvenile court and the Code of Criminal Procedure is applicable.
[2] The issues of the voluntariness of the plea in the predicate offense and the validity of the Boykinization preceding the plea have not been raised in this writ of review.
[3] Prior to the Code of Criminal Procedure of 1928, the case law (jurisprudence) held that jury verdicts could be oral or in writing. State v. Blue, 134 La. 561, 64 So. 411 (1914); State v. Jenkins, 43 La.Ann. 917, 9 So. 905 (1891). This was the general rule in the United States. See Official Revision Comment (g) of La.C.Cr.P. art. 810. This jurisprudence was codified in Article 398 of the Code of Criminal Procedure of 1928 as follows:

When a verdict has been agreed upon, the officer in charge of the jury shall bring the jurors into court, and the jury shall thereupon through its foreman, selected by itself, deliver its verdict which may be oral or in writing.
This procedural rule subsequently became La.R. S. 15:398 (1950). The 1966 Code of Criminal Procedure amended this rule to provide that a jury's verdict must be in writing.
[4] The source provision of La.C.Cr.P. art. 820 is Article 420 of the Code of Criminal Procedure of 1928, which provided as follows:

All provisions of this chapter regulating the form and effect of verdicts shall apply equally to the findings by the judge upon pleas tried by him without a jury. (Emphasis added.)
Since jury verdicts could be either oral or in writing under the Code of Criminal Procedure of 1928, the judge's findings (judgment) also could be either oral or in writing when there was a trial by judge. Article 420 subsequently became La.R.S. 15:420 (1950). It should be noted that the word "form" in La.R.S. 15:420 was changed to the word "responsiveness" in La.C.Cr.P. art. 820. It is unnecessary for us to determine in this case if a judgment of guilty in a criminal case must be in writing.