CHEHARDY, Chief Judge.
Ralph Bunche Edwards was charged by bill of information with violation of LSA-R. S. 32:64, speeding, and LSA-R.S. 32:295, failing to secure a child in an automobile seat. On July 27, 1987, the defendant was arraigned and pleaded not guilty. He went to trial and was found guilty on both charges on November 12, 1987. His motion for new trial was granted on March 24, 1988. He was retried and found guilty of speeding but not guilty of failing to secure a child in a seat. The trial court imposed a fine of $25 plus court costs. The defendant filed an application for a writ of review with this court, which was granted, and the matter was ordered docketed by established appellate procedure.
On June 30, 1987, at approximately 9:15 a.m., Deputy William Fitzgerald of the Jefferson Parish Sheriff’s Office was monitoring traffic with radar on Avenue A in Marrero when he clocked defendant’s automobile travelling at 37 miles per hour in a 20-mile-per-hour zone. Fitzgerald pulled the defendant over to issue a citation, at which time he observed that Edwards was not wearing a shoulder harness. Fitzgerald issued two citations, one for speeding and one for failing to secure a child in a seat. The defendant was convicted of speeding but was acquitted of failing to secure a child, because there was no child in the car.
The defendant, appearing in proper person, has not filed a brief. However, when a writ is granted and placed on the appellate docket for consideration, it has been the policy of this court to review the record for error patent. See State v. Jones, 517 So.2d 402 (La.App. 5 Cir.1987), writ denied 522 So.2d 560 (La.1988).
LSA-C.Cr.P. art. 920 provides,
“The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding, court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Rogers, 519 So.2d 246 (La.App. 5 Cir.1988).
A review of the record reflects two patent errors. However, these do not merit reversal of the conviction.
First, the district attorney failed to sign the bill of information charging the defendant, as required by LSA-C.Cr.P. art. 384; his signature is only stamped on the bill of information. When the accusation against a defendant has been actively prosecuted and no objection has been made to an otherwise valid bill of information, however, the absence of the district attorney’s signature is harmless error and a reversal is not warranted. See State v. Schroder, 527 So.2d 439 (La.App. 5 Cir.1988).
Secondly, the record does not contain a signed judgment. Our Supreme Court recently ruled, however, that a signed judgment is not necessary in a *857 bench trial where the judgment of guilty is pronounced by the trial judge in open court and is recorded in the minutes. State v. Weilbacher, (La.1988), 531 So.2d 456.
Although the defendant failed to file a brief, in his writ application he appeared to challenge the sufficiency of the evidence to sustain his conviction. Specifically, he alleged that the testimony of Deputy Fitzgerald did not establish the accuracy of the radar unit that clocked his speed.
In assessing the sufficiency of evidence to sustain a conviction, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
At trial, Fitzgerald testified that he was trained and certified in the use of radar and that he had checked his radar gun to assure it was calibrated accurately and functioning properly. He also testified that he clocked the defendant’s car moving at 37 miles per hour in a 20-mile-per-hour zone. The evidence is sufficient to prove beyond a reasonable doubt that the defendant was speeding.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the defendant.
AFFIRMED.