CHEHARDY, Chief Judge.
The record in this attempted child molestation case reveals no patent error. Defendant’s conviction and sentence are affirmed.
The defendant, 17-year-old Troy Duhe, was charged with molestation of a juvenile under LSA-R.S. 14:81.2 for committing a lewd and lascivious act, by oral copulation, upon a male victim, - aged 13 years. The crime occurred while both the defendant and the victim were residing in the foster care of Philip Matherne.
At arraignment defendant entered a plea of not guilty to the charge. On the recommendations of two examining psychiatrists, the court found defendant legally sane and competent to stand trial. Duhe then amended his original plea and entered a plea of guilty under LSA-R.S. 14:27 and 14:81.2, to attempted child molestation. The district judge accepted the plea and sentenced defendant to 3¾⅛ years at hard labor with credit for time served. On appeal, Duhe assigns as error any and all errors patent on the face of the record.
Review for error patent requires examination of the record for any error that is discoverable by a mere inspection of the pleadings and proceedings, and without inspection of the evidence. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975). Here it includes the determination of whether the defendant was properly “boykinized.” Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Godejohn, 425 So.2d 750 (La.1988).
The transcript of the plea'colloquy reflects that the district court advised de *1317 fendant of his right to jury trial, the right to confront his accusers and his right against self-incrimination. Boykin v. Alabama, supra. Twice the judge informed Duhe that by entering a guilty plea he was relinquishing these rights. By repeated questioning the district judge also insured that defendant understood the waiver of rights form which he had executed.
The trial court then reviewed with defendant the elements of the crime charged. Duhe stated that he understood the charge filed against him and admitted to committing the crime. Finally the judge ascertained that defendant’s plea was in no way coerced, then outlined the sentence to be imposed against him pending completion of the presentence investigation.
To all inquiries made by the district court, Duhe testified that he understood both the charge and the potential sentence, and the rights he waived by entering a plea. Unquestionably, defendant’s guilty plea was both knowing and voluntary. No error patent is present in the plea aspect of the record. State v. Martinez, 472 So.2d 123 (La.App. 5 Cir.1985).
In error patent review, the record includes the district court judgment and sentence. State v. Oliveaux, supra; State v. Falls, 508 So.2d 1021 (La.App. 5 Cir.1987). Violation of LSA-R.S. 14:81.2 carries a sentence of fine, or imprisonment of between 1 and 15 years. Conviction of the attempted crime is punishable by one-half of the penalty that could be imposed for the substantive offense. LSA-R.S. 14:27. Therefore Duhe was exposed to a sentence ranging from 6 months to 7½ years.
Before accepting the guilty plea, the district judge advised Duhe that he would likely impose a sentence of 3V2 years’ confinement, pending presentation of the pre-sentence investigation. The resulting 6-page report contains both the defendant’s and the victim’s version of the molestation, as well as the statement of Philip Math-erne, who discovered and reported the crime. It reflects that defendant was originally placed in foster care as a juvenile, after pleading guilty to a charge of crime against nature involving his 4-year-old step-brother. The report states that Duhe shows no remorse for the current crime, and adamantly recommends against probation.
In passing sentence, the district judge outlined his reliance on the presentencing investigation, and his communications with defendant’s family members and Louisiana welfare officials as a basis for Duhe’s incarceration. While acknowledging defendant’s youth at the time of the molestation, the judge stated that, absent confinement, he firmly believed that Duhe would repeat his crime or progress to committing a more serious offense. He therefore found that institutionalization of defendant was certainly mandated. LSA-C.Cr.P. art. 894.1.
The 3V2 year sentence imposed against Duhe is within the statutory dictate. LSA-R.S. 14:27 and 14:81.2. It does not constitute cruel, unusual or excessive punishment. State v. Vaughn, 431 So.2d 763 (La.1983). No error patent is present in the sentencing aspect of the record.
The full record is devoid of error patent. Defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.