No. 1416.

## THE STATE VS. HENRY JENKINS.

A verdict of guilty inadvertently written on a *quashed* indictment instead of being so on the *real* indictment, on which the prosecution is based and carried on, is not on that account a nullity. It is not sacramental that it be written, or, when written, that it be signed or put on the indictment.

It is surely of equal, if not superior dignity, to a verdict rendered *ore tenus,* or un-signed, in open court by the jury

APPEAL from the Twenty-second District Court, Parish of Ascension. *Duffel, J.*

*R. McCulloh* and *John N. Ogden,* District Attorney, for the State, Appellee.

*E. N. Pugh* for Defendant and Appellant.

The opinion of the court was delivered by

BERMUDEZ, C. J.   The defendant was sentenced to hard labor for life on a presentation and conviction for murder.

On appeal, he complains that the grand jury who found the indictment against him was not a legal body, urging against its action the same objections which were pressed, on a motion to quash, in the cases of the State vs. Causey, and against Woodson, just decided.

The only difference between this case and those, and which is not a factor in this complaint, is, that on the objections raised by this defendant to the *first* indictment against him, that one of the panel was an alien, that indictment was quashed, and subsequently *another* was found against him by the remaining fifteen jurors, on which the prosecution was based.   His objections, therefore, are not now to the *first,* but to the *last* indictment presented against him.

For the reasons assigned in the opinion in State vs. Causey, we hold that the motion to quash was properly overruled.

The next complaint is, that the qualified verdict of the jury against him was written on the first indictment, which had been quashed, and not on the second indictment, which was that on which the prosecution rested and on which the verdict should have been reduced to writing.

The verdict returned reads:  "Donaldsonville, La., May 18, 1891. Guilty, without capital punishment."  [Signed]  "J. W. Inness, foreman."

It is elementary that a verdict may be validly rendered orally, in open court, even when no foreman was appointed, when it is returned *written* though unsigned, either by the foreman or any member of the jury, or does not contain the name of the accused, or describe the offence charged.   8 R. 525; 30 An. 434; 33 An. 1416; 34 An. 370; 37 An. 569.   Manning Unreported Cases, p. 258.

It does seem to be an evident proposition, that, where a verdict is written on a paper which contains the title of the case, a statement of the nature of the crime charged, and which is a perfect *duplicate* -of the indictment in the case, it is valid, the more so when the verdict on such paper is, as was done here, read in open court, in the presence of all—the accused, the State and the jurors.

The second indictment found was not handed to the jury, by some mistake or other. This explains why the verdict was written as it was. The foreman presumed it was the proper indictment, and in-.advertently committed the error. Writing a verdict on the real indictment is not an essential requirement for its validity. It is not sacramental that it be so. We know of no rulings sustaining objections of this character, and having been referred to none, infer that none exists.

The verdict thus written is surely of a dignity *equal*, not to say much *superior*, to onerendered *viva voce*, or unsigned, in open court, by a jury.

Judgment affirmed.