TOBIAS, J.,
Dissents in Part.
hi agree with the majority’s conclusions and analysis in all respects save the finding that the failure of the foreperson of the jury to sign two of the three verdict forms is subject to a harmless analysis in this case.
Discussing harmless error, the Supreme Court has recently noted:
Nevertheless, a trial error does not provide grounds for reversal of a defendant’s conviction and sentence unless it affects substantial rights of the accused. See La.C.Cr.P. art. 921; State v. Johnson, 94-1379, pp. 16-17 (La.11/27/95), 664 So.2d 94, 101-02. The test is whether there is a reasonable possibility the error might have contributed to the conviction and whether the court can declare a belief that the error is harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 22-23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967); State v. Green, 493 So.2d 1178, 1185 (La.1986). The reviewing court must find the verdict actually rendered by this jury was surely unattributable to the error. Johnson, 94-1379 at 18, 664 So.2d at 101-02; Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993)....
State v. Magee, 11-0574, pp. 45-46 (La.9/28/12), 103 So.3d 285, 318.
My concern in this case is that I am uncertain beyond a reasonable doubt what the jury’s verdict was when viewed by clear, unambiguous statutory law and the record on appeal.
12La.C.Cr.P. art 920 states:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
La.C.Cr.P. art. 810 states:
When a verdict has been agreed upon, the foreman shall write the verdict on the back of the list of responsive verdicts given to the jury and shall sign it. There shall be no formal requirement as to the language of the verdict except that it shall clearly convey the intention of the jury.
The foreman of the jury shall deliver the verdict to the judge in open court. [Emphasis supplied.]
Under the now-obsolete jurisprudence (made so by the enactment of the Code of Criminal Procedure), the verdict form did not have to be signed by the foreperson. State v. Blue, 134 La. 561, 566, 64 So. 411, 413 (1914); State v. Jenkins, 43 La. Ann. 917, 918-19, 9 So. 905 (1891). The Official Revision Comments to article 810 states: “The first paragraph of this article is intended to clarify the jurisprudence, but it *588 should be noted that responsiveness is not a matter of form. Also, the article abolishes the rule that the verdict need not be signed by the foreman.” [Emphasis supplied.]
Obviously, a verdict form signed by the foreperson is equivalent to a judgment signed by the judge. We also know that in a civil case, (a) the judge (himself/herself) must sign a judgment for it to have any effect, and (b) a verdict rendered by a jury must be reduced to a judgment that must be signed by the judge who presided over the trial. See La. C.C.P. arts.1911, et seq.; La. R.S. 13:4209. Our colleagues on the Fifth Circuit have held that the absence of a signed written judgment in a bench trial is a patent error. State v. Robert, 518 So.2d 1169, 1170 (La.App. 5th Cir.1988). Where a conviction is by the court sitting without a jury, the judge must sign a judgment for it to have responsiveness and effect of a verdict.[1] State v. Jennings, 478 So.2d 913, 915 (La.App. 5th Cir.1985), writ denied, 481 So.2d 636 (La.1986).
Our Supreme Court recognized in State v. Mitchell, 258 La. 427, 492, 246 So.2d 814, 838 (La.1971) that the polling of jurors in the presence of the defendant and his counsel made the defendant “aware of the verdicts in no uncertain terms” and thus the failure of the foreperson to sign the verdict form was harmless. In the case at bar, the jury was not polled, making Mitchell distinguishable and bringing it outside the ambit of the article 810 mandate that the verdict form be signed by the foreperson.
The majority relies upon State v. Green, 10-0791, p. 6 (La.App. 4 Cir. 9/28/11), 84 So.3d 573, 579, writ denied, 11-2316 (La.3/9/12), 84 So.3d 551, to support its conclusion that a harmless error analysis such apply here. Specifically we said:
Clearly, the verdicts did not comport with the requirement of La.C.Cr.P. art. 810 that the jury foremen sign the verdicts on the back. The verdicts were not signed by the jury foremen and the instructions on the face of the verdict forms/lists of responsive verdicts did not expressly instruct the forepersons to sign the verdict form. La.C.Cr.P. art. 811 states that if the verdict is correct in form and responsive to the indictment the court shall order the clerk to receive it, read it to the jury, and ask it if that is its verdict. If the jury answers yes, the court shall order the clerk to record the verdict and shall discharge the jury. La.C.Cr.P. art. 813 states that if the court finds the verdict is incorrect in form it shall refuse to receive it and shall remand the jury with the necessary oral instructions.
However, any errors here — the patent error of the failure of the jury forepersons to sign the verdicts, as well as the trial court errors with regard to La.C.Cr.P. art. 811 and 813 — -all constitute harmless errors, in that the errors |4did not affect substantial rights of the defendants. See La.C.Cr.P. art. 921.
In addition, to the extent that a verdict is ambiguous, “the intent of the jury can be determined by reference to the pleadings, the evidence, the admissions of the parties, the instructions, and the forms of the verdicts submitted.” State v. Anderson, 07-752, p. 9 (La.App. 5 Cir. 2/6/08), 979 So.2d 566, 571. That defendants were both charged with armed robbery is not in dispute. The jury knew this. The evidence was that two individuals robbed the victim of his car and some personal belongings while armed with a gun. The placement on *589 the verdicts of “Guilty” as the first responsive verdicts in both responsive verdict lists clearly signified that “Guilty” meant guilty of the offense charged, especially considering that the next responsive verdict was “Guilty of Attempted Armed Robbery.” In light of these factors, the jury’s verdicts of “Guilty” were, in fact, not ambiguous, but conveyed the intention of the jury to find defendants guilty of the crimes charged, armed robbery, and thus the verdicts complied with La. C.Cr.P. art. 810’s requirement that the verdict clearly convey the intention of the jury. [Emphasis supplied; footnotes omitted.]
Id., pp. 6-7, 84 So.3d at 579.
I find Green to be an incorrect interpretation of the law in light of the requirements of La.C.Cr.P. art. 811, which states:
If the verdict is correct in form and responsive to the indictment, the court shall order the clerk to receive the verdict, to read it to the jury, and to ask: “Is that your verdict?” If the jury answer “Yes,” the court shall order the clerk to record the verdict and shall discharge the jury. [Emphasis supplied.]
Unlike Mitchell, supra, in the case before us, no polling of the jury is reflected in the record.
The record before us only reflects the following:
THE JURY PANEL RETURNED TO THE OPEN COURT AT APPROXIMATELY 10:30 p.m. WITH THE FOLLOWING VERDICTS: COUNT 1: GUILTY OF ATTEMPTED FORIBLE RAPE; COUNT 2: GUILTY OF SIMPLE KIDNAPPING; AND COUNT 3: NOT GUILTY. NO POLL OF THE JURY WAS TAKEN. [Boldface emphasis supplied.]
| aThe case at bar is distinguishable from Green because although the record before us might reasonably be interpreted to indicate that the verdict was read to the jury, nothing in the record indicates or implies that the jurors were asked whether that was their verdict. Failure to follow statutorily mandated procedures leads to a loosey-goosey[2] approach to justice that is obviously inappropriate in criminal proceedings where a defendant is subject to the potential loss of his or her freedom. It is unreasonable to assume that jurors, who are unfamiliar with court procedures and who are supposed to be impressed with the solemnity and dignity of the proceedings and the preeminence of the presiding judge, are going to interrupt the proceedings to say that the verdict is not their verdict without being asked by someone whether the verdict read is their verdict.
I concede being troubled by this conclusion because my reading of the record evidence satisfies me that Mr. Vargas-Alcerreca is guilty beyond a reasonable doubt of both attempted forcible rape and simple kidnapping. But he is entitled to procedural due process; why have an errors patent review if we are not going to enforce the rules as written by our legislature as to what constitutes reversible error. I do not think the error is harmless in the context of the record in this case.

. The case arose in a juvenile proceeding.

. Tapia v. U.S., - U.S. -, -, 131 S.Ct. 2382, 2388, 180 L.Ed.2d 357 (2011).