472 So.2d 123 (1985)
STATE of Louisiana
v.
Paul M. MARTINEZ.
No. 85-KA-78.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Martha Sassone, Gretna, for defendant-appellant.
Before BOUTALL, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Paul Martinez, was charged with simple burglary of an inhabited dwelling, R.S. 14:62.2. He was arraigned and entered a plea of not guilty to the charge. On August 28, 1984, the defendant entered a plea of guilty as charged. The trial judge conducted a full Boykin colloquy and accepted the plea. All delays were waived and the trial court sentenced the defendant to ten (10) years at hard labor, the first year to be served without benefit of parole, probation or suspension of sentence. The court also recommended that the defendant be placed in a facility where he could receive treatment for his drug problem. From this sentence he now appeals.

FACTS
The only facts available are those alleged in the bill of information and in a statement made by the defendant during the Boykin colloquy.
On June 3, 1984, the defendant broke into a residence on Trudeau Drive in Kenner. A female inhabitant of the residence surprised the defendant and held him at bay with a gun until the police arrived. The defendant was arrested and charged with simple burglary of an inhabited dwelling.
On appeal, the defendant assigns as error any and all errors patent on the face of the record.

ASSIGNMENT OF ERROR
In an error patent review, the record is reviewed for any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. See C.Cr.P. art. 920.
Where the conviction has been obtained by a plea of guilty, the issue of whether the defendant was properly "boykinized" also constitutes a proper inquiry in an "error patent" review. State v. Godejohn, 425 So.2d 750 (La.1983).
*124 The record (including the transcript of the plea colloquy) reflects that the judge advised the defendant of his right (1) to a trial by jury; (2) to confront his accusers; and (3) to remain silent as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The transcript of the plea proceeding reflects that the trial judge questioned the defendant regarding his understanding of the rights explained and ascertained whether he was voluntarily relinquishing them. The court further examined the defendant and his counsel concerning the completion of the "Defendant's Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty" form which the defendant had signed, making sure from counsel that the form had been carefully explained to the defendant before he affixed his signature.
The trial judge also inquired into the merits of the allegations contained in the indictment and the details of the state's case. The defendant stated he had entered the "woman's house".... and that she pulled a gun on him and called the police.
The trial judge further explained the sentence to be imposed and inquired if the defendant was satisfied with his appointed counsel. Throughout the entire "Boykin" colloquy the defendant responded appropriately and expressed his willingness to waive his described rights and enter the guilty plea.
Therefore, after a complete review of the record, we find no errors patent.
The conviction (plea of guilty) and sentence are affirmed.
AFFIRMED.