508 So.2d 1033 (1987)
STATE of Louisiana
v.
Raymond AGEE.
No. 87-KA-137.
Court of Appeal of Louisiana, Fifth Circuit.
June 16, 1987.
Louise Korns, of counsel, Gretna, for plaintiff/appellee.
Martha E. Sassone, Gretna, for defendant/appellant.
Before GAUDIN, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
On September 3, 1986 defendant Raymond Agee was charged by bill of information with simple robbery in violation of LSA-R.S. 14:65. Thereafter defendant was arraigned and he entered a plea of not guilty.
The defendant appeared for trial on November 17, 1986, at which time defendant withdrew his former plea of not guilty and tendered a plea of guilty as charged. After advising defendant of his rights, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), Judge Walter E. Kollin, the trial court judge, accepted Agee's plea and ordered a pre-sentence investigation report. On January 5, 1987 the defendant was sentenced to three years at hard labor.
From the above conviction and sentence, the defendant appeals, requesting this court to examine the record in this matter for errors patent on its face.
Louisiana Code of Criminal Procedure article 920 provides: "[t]he following matters *1034 and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review, the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975).
Where the conviction has been obtained by a plea of guilty, the issue of whether the defendant was properly "Boykinized" also constitutes a proper inquiry in an "error patent" review. State v. Godejohn, 425 So.2d 750, 751 (La.1983).
The transcript of the plea-colloquy reflects that Judge Kollin advised the defendant of his right (1) to a trial by jury; (2) to confront his accusers; and (3) to remain silent, as required by Boykin, supra. The defendant acknowledged that he understood his rights and expressed a desire to waive them. The "Waiver of Rights on Entry of a Plea of Guilty" form, which appears in the record, likewise indicates that the defendant was informed of and voluntarily waived the aforementioned rights.
The trial judge explained to the defendant that his plea of guilty was to the commission of the crime of simple robbery on July 16, 1986, and informed him of the maximum sentence he could receive. The defendant indicated that he understood the consequences of his plea and expressed his willingness to enter his plea of guilty. Therefore, we find the defendant was properly "Boykinized". Further examination of the record reveals no errors patent on its face.
Accordingly, the conviction and sentence of the appellant are affirmed.
AFFIRMED.