517 So.2d 402 (1987)
STATE of Louisiana
v.
Robert E. JONES.
No. 87-KA-404.
Court of Appeal of Louisiana, Fifth Circuit.
December 10, 1987.
Rehearing Denied January 15, 1988.
*403 John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Bruce Whittaker, Indigent Defender Bd., Gretna, for defendant-appellant.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
Affidavits were issued to Robert Jones on July 21, 1986, citing him for driving while intoxicated, R.S. 14:98, and for failure to maintain control of a vehicle, R.S. 32:58. A bill of information was subsequently filed charging him with the aforementioned offenses.
Arraignment was held on August 25, 1986, at which time he entered a plea of not guilty to both charges. Several pre-trial motions were subsequently filed by defense *404 counsel, one of which was a Motion to Produce. On January 22, 1987, the trial judge denied defendant's motion requesting the state to produce copies of the log book for the intoxilyzer 5000. In addition to his Motion to Produce, defendant also filed a Motion to Suppress the results of the breath analysis machine.
On January 22, 1987, the trial judge denied defendant's Motion to Suppress.
Following these denials, the defendant withdrew his former plea of not guilty and entered a plea of guilty to the D.W.I. charge pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thereby effectively preserving his right of review.
This court on March 19, 1987, granted defendant's writ of review and ordered that the matter be docketed by established appellate procedure.
In his brief, the defendant has urged three assignments of error; however, because this matter was placed in an appellate posture for review, we have examined the record for patent error pursuant to C.Cr.P. art. 920[1] and have found the following errors which warrant reversal.
For the purpose of an error patent review the record in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Agee, 508 So.2d 1033 (La.App. 5 Cir.1987).
Where the conviction has been obtained by a plea of guilty, the issue of whether the accused was properly "Boykinized" also constitutes a proper inquiry in an error patent review. State v. Godejohn, 425 So. 2d 750 (La. 1983); State v. Martinez, 472 So.2d 123 (La.App. 5 Cir.1985).

I. THE PLEA
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. The Court then announced its unwillingness to presume waiver of these rights from a silent record. Boykin was adopted by the Louisiana Supreme Court and was held to apply to all pleas of guilty subsequent to December 8, 1971. State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State ex rel LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
In State v. Jones, 404 So.2d 1192 (La. 1981), the Louisiana Supreme Court addressed the issue of misdemeanor guilty pleas. In Jones,supra the court stated:
... whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequences.
While the Supreme Court in Jones, did not specifically address whether pleas entered without a contemporaneous Boykin colloquy were patently defective, in subsequent cases, pleas entered without "boykinization" have been referred to as "invalid". See State v. Moore, 410 So.2d 237 (La. *405 1981); State v. Moore, 408 So.2d 1220 (La. 1982).
Because, in a D.W.I. prosecution, the defendant's guilty plea is usually used as a basis for a sentence of imprisonment, albeit suspended, and can be used for the enhancement of the sentence of a second offender and/or for conversion of a subsequent prosecution into a felony, we hold that a contemporaneous Boykin colloquy is mandated by the Supreme Court's decision in State v. Jones, supra.
The record in the present case reveals that the defendant was not properly "boykinized" before his plea was accepted. When the defendant entered his plea of guilty, the trial judge informed him that by pleading guilty he is waiving his right to a trial and his right to appellate review except on those issues reserved by the attorney. The judge additionally informed the defendant that the conviction could be used against him to make the possible penalty greater should he get another D.W.I., that his insurance rates would probably go up, and that his license would be suspended for at least ninety days. Although informing defendant of the above, the trial judge failed to advise the defendant of his right against self-incrimination and of his right to confront his accusers, as per Boykin, supra.
Accordingly, the plea is invalid.

II. THE VERDICT
La.C.Cr.P. art. 872 provides: "A valid sentence must rest upon a valid and sufficient: (1) Statute: (2) Indictment; and (3) Verdict, judgment or plea of guilty."
We find no patent invalidity in either the statute upon which the prosecution is based (LSA-R.S. 14:98) or in the charging vehicle;[2] i.e., the bill of information. However, in our examination of the record we note that there is no written judgment of the disposition signed by the court.[3]
In State v. Jennings, 478 So.2d 913 (La. App. 5 Cir.1985), this Court stated the following:
Under the provisions of Article 810 of the Code of Criminal Procedure, the verdict of the jury (which forms the basis for a subsequent sentence) must be in writing and signed by the foreman. Article 820 of the Code of Criminal Procedure provides "all provisions of this Chapter [both Article 810 and 820 in the same chapter of the Criminal Code] regulating the responsiveness and effect of verdict shall apply to cases tried without a jury. Hence, it follows that where the conviction is by the bench, the judge must sign the judgment for it to have the responsiveness and effect of a verdict.
Accordingly, the failure of the court to render a written judgment is also patent error and a fatal defect in the proceedings.

III. THE SENTENCE
After accepting the defendant's guilty plea in the present case, the judge sentenced him as follows: "The Court accepts your plea. You're referred to the Alternative Program.[4] If you complete the Alternative Program, I will not give a jail sentence. The fine imposed will depend on how well you do in the program."
The pertinent minutes for the sentencing proceeding read as follows:
Withdrew former plea of Not Guilty, Pled guilty. [under Crosby]. Sent. to attend Dri. Imp. School, Substance Abuse Program and to perform 32 hours community service in lieu of 10 days P.P. Upon completion of these requirements, Def. to return for final sentencing.
*406 It is obvious that the stamped minutes do not accurately reflect the "sentence" articulated by the trial judge as required by C.Cr.P. art. 871. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1982).[5] However, the "sentence" stated by the trial judge is not sufficiently definite to adequately inform the defendant of the sanctions imposed.
It is the obligation of the court (not the minute clerk or the probation department) to determine if a sentence is to be imposed immediately following conviction or if the imposition of sentence is to be suspended.
If either the execution or the imposition of the sentence is to be deferred, it likewise is the obligation of the court to impose probation, and to set its term and conditions. See generally C.Cr.P. arts. 894, 895 and compare State v. Hardy, 432 So.2d 865 (La.1983).
We feel it is the intent of the trial judge in a case of this type to accept the defendant's plea of guilty, suspend the imposition of sentence (both imprisonment and fine) for a specified period of time, impose a term of active probation and set as conditions of the probation, the conditions mandated by LSA-R.S. 14:98 in addition to any others deemed appropriate by the court to aid the defendant in his rehabilitation. Then, upon the date fixed for the imposition of sentence, the trial judge is able to evaluate the extent of the defendant's rehabilitative effort and determine the appropriate sentence which could include a termination of the probation obligations. See C.Cr.P. arts. 896, 897.
The purpose of requiring the defendant's presence at sentencing and of pronouncing the sentence in open court is to insure the defendant is apprised of the punishment imposed, See C.Cr.P. arts. 835, 871 and comments thereunder. Accordingly, the failure of the trial judge to fully articulate the sentence and the failure of clerk to accurately reflect what was stated operate to the detriment of the accused.
Since the "sentence" stated by the trial judge following the defendant's plea of guilty is not in conformity with statutory authority, it is hereby vacated.
For the foregoing reasons, the defendant's plea and sentence are vacated and the matter is remanded for further proceedings not inconsistent with this opinion.
PLEA AND SENTENCE VACATED, REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] La.C.Cr.P. art. 920 provides:

The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
[2] We have previously held in State v. Landry, 463 So.2d 761 (La.App. 5 Cir.1985), writ den. 464 So.2d 1373 that a computer generated bill of information with a stamped signature of an assistant district attorney is sufficient to initiate a prosecution if the prosecution is actively pursued by the district attorney's office.
[3] Nor is there any document which could be deemed an equivalent to a judgment e.g. a "Boykin" waiver and guilty plea form accepted by the trial judge or a signed commitment form.
[4] It is noted that LSA-R.S. 14:98 Sections (B) and (C) each provide for two probation alternatives.
[5] The sentence designated by the minute entry/stamp would likewise appear not to be sufficiently definite to be legal. Although a ten (10) day period of imprisonment is mentioned, it is not specifically imposed or suspended. Rather, the defendant is "sentenced" to various conditions of probation without being actually placed on probation for any definite term. And, despite having been possibly "sentenced" to the ten (10) days, a second sentencing is scheduled. The fine mandated by LSA-R.S. 14:98 is not mentioned.