518 So.2d 1169 (1988)
STATE of Louisiana,
v.
Debra ROBERT.
No. 87-KA-416.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 1988.
Rehearing Denied February 17, 1988.
Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna, for plaintiff/appellee.
Martha E. Sassone, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant/appellant.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
The defendant, Debra Robert, was charged by bill of information with driving while intoxicated on the night of January 3, 1987. A pre-trial motion to produce and a motion to suppress were denied, after which the defendant entered a plea of guilty to the DWI charge. (The court dismissed charges of improper lane usage and absence of a driver's license, which had also been filed in the bill of information.) As she entered her plea in accordance with State v. Crosby, 338 So.2d 584 (La.1976), she preserved her right of review.
The defendant seeks reversal of her conviction, listing three assignments of error. However, we pretermit consideration of them because our review of errors patent reveals three errors which warrant reversal.
La.C.Cr.P. art. 920 provides that, "The following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill *1170 of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Agee, 508 So.2d 1033 (La.App. 5 Cir.1987).
The Plea
Where the conviction has been obtained by a plea of guilty, the issue of whether the accused was properly "boykinized"[1] also constitutes a proper inquiry in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Martinez, 472 So.2d 123 (La.App. 5 Cir. 1985).
The record in the present case reveals that the defendant was not properly "boykinized" before her plea was accepted. When the defendant entered her plea of guilty, the trial judge informed her that by pleading guilty she is waiving her right to a trial and her right to appellate review except on those issues reversed by an attorney. The judge additionally informed the defendant that the conviction could be used against her to make the possible penalty greater should she get another DWI., that her insurance rates would probably go up, and that her license would be suspended for at least ninety days. Although informing defendant of the above, the trial judge failed to advise the defendant of her right against self-incrimination and of her right to confront her accusers, as per Boykin, supra.
Accordingly, the plea is invalid. See State v. Jones, 517 So.2d 402 (La.App. 5th Cir.1987).
The Sentence
After accepting the defendant's guilty plea on March 4, 1987, the trial judge announced:
You are referred to the probation department. If you complete the probation you will receive a fine and not a jail sentence; that will be the school and the community service. The fine will depend on how well you do in the program.
We note that the sentence from the bench varies from the minutes in the record, in which the disposition is represented by the clerk's stamp, as follows:
Withdrew former plea of Not Guilty, Pled guilty. [under Crosby]. Sent. to attend Dri. Imp. School, Substance Abuse Program and to perform 32 hours community service in lieu of 10 days P.P. Upon Completion of these requirements, Def. to return for final sentencing.
While there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). However, the sentence as stated by the trial judge is not sufficiently definite to inform the defendant of the sanctions imposed. Further, it is the obligation of the court itself, not the probation department, to determine if a sentence is to be imposed immediately following conviction or if the imposition of sentence is to be suspended. If so, it is the obligation of the court to impose probation, and to set its term and conditions. La.C. Cr.P. arts. 894 and 895. As the sentence in this case does not conform to statutory authority, it is hereby vacated. See State v. Jones, supra.
Absence of Formal Judgment
There is no notation of the disposition of this case other than the stamped minute entry, which is not signed by the trial judge. As a signed written judgment is required by La.C.Cr.P. arts. 810 and 820, the absence of one in this case is a patent error. See State v. Jennings, 478 So.2d *1171 913 (La.App. 5th Cir.1985); State v. Jones, supra.
Accordingly, for the reasons assigned above, the defendant's plea and sentence are vacated and the matter is remanded for further proceedings not inconsistent with this opinion.
PLEA AND SENTENCE VACATED, REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. The Court then announced its unwillingness to presume waiver of these rights from a silent record. Boykin was adopted by the Louisiana Supreme Court and was held to apply to all pleas of guilty subsequent to December 8, 1971. State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).