DUFRESNE, Judge.
The defendant, Austin McPherson, was charged by Bill of Information with Driving While Intoxicated, L.R.S. 14:98, and Reckless Operation of a Motor Vehicle, L.R.S. 14:99. The defendant entered pleas of not guilty to both charges.
Several pre-trial motions, including a Motion to Suppress the Evidence, were heard. On October 16, 1986, following the testimony of Sergeant Montville, the judge found there was probable cause to arrest the defendant. Subsequent to this ruling, the defendant withdrew his former plea of not guilty and entered a plea of guilty to the charge of driving while intoxicated. The defendant entered the guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thereby effectively preserving his right of review.
On February 18,1987, the defendant was sentenced to pay a fine of $300.00 plus costs of court. In addition, he was ordered to perform thirty-two hours of community service (in lieu of the mandatory jail term), to attend the Driving Improvement and Substance Abuse Programs. A writ of review was granted by this court and the matter was ordered to be docketed by established appellate procedure.
The defendant has urged one assignment of error, however, because this matter was placed in an appellate posture for review, we have examined the record for patent error pursuant to C.Cr.P. art. 920 and have found the following errors which warrant reversal.
I. THE PLEA
The record in the present case reveals that the defendant was not “boykin-ized” before his plea was accepted.
Accordingly, the plea is invalid.
II. THE SENTENCE
After accepting the defendant’s guilty plea in the present case, the judge sentenced him as follows:
“Very well. Mr. McPherson, I’m going to sentence you to a fine of three hundred ($300.00) dollars plus the costs of court, and I would order you to perform thirty-two (32) hours of community service in lieu of the mandatory jail term, and you must attend the Driving Improvement Program and the Substance Abuse Program provided by the Court.”
As can be seen from this portion of transcript, the trial judge imposed upon defendant the conditions of probation. However, he imposed the conditions without first suspending either the imposition or execution of sentence and placing the defendant on probation as is required by L.R.S. 14:98 and La.C.Cr.P. art. 894(A)(3).
Since the “sentence” stated by the trial judge following the defendant’s plea of guilty is not in conformity with statutory authority, it is hereby vacated. See State v. Jones, 517 So.2d 402 (La.App. 5th Cir. 1987).
For the foregoing reasons, the defendant's plea and sentence are vacated and the matter is remanded for further proceedings.
PLEA AND SENTENCE VACATED, REMANDED FOR FURTHER PROCEEDINGS.