WICKER, Judge.
Richard Daigle appeals his conviction by guilty plea of possession of marijuana, a violation of La.R.S. 40:966, and possession of drug paraphernalia, a violation of La. R.S. 40:1033. These misdemeanor convictions should properly be handled in a writ application, but we will consider the case on appeal in the interest of judicial economy. We affirm the conviction and sentence but vacate the imposition of a $50.00 “drug fee.”
Mr. Daigle was driving his 1970 Oldsmobile convertible with the top down and with an expired license plate. It was past midnight. Officer Blaine Hebert, Kenner Police Department, stopped him for the license plate violation and discovered that he also had an expired drivers’ license. Officer Hebert ran a license check and discovered that Mr. Daigle’s license was suspended. Then he did a criminal check and discovered several outstanding attachments for Mr. Daigle’s arrest. Officer Hebert placed Mr. Daigle under arrest.
Prior to leaving the convertible parked on the street, Officer Hebert did an inventory search for valuables. That search revealed the contraband: a marijuana cigarette, hemostats, and rolling papers.
The judge sentenced him to six months in prison on each count; but the sentences were suspended and Mr. Daigle was placed on six months’ inactive probation on each count, these sentences to run concurrently. Mr. Daigle was also ordered to pay $50.00 to the Louisiana Commission of Law Enforcement. Mr. Daigle complains that the judge erred in (1) denying his motion to suppress alleged illegally seized evidence and (2) in imposing a special condition on his inactive probation.
Mr. Daigle claims that the evidence was illegally seized, since the inventory search was only an excuse for a warrant-less search. Officer Hebert testified to the contrary.
I went over to the subject’s vehicle and started conducting an inventory search. As such, we go over to the vehicle the subject was in when he was placed under arrest and we have the vehicle towed to Barry’s Impound Lot. It is part of our police [policy?], we go to the vehicle and anything of numerical [monetary?] value we have to total it up and make a note of it and advise the wrecker driver exactly what is in the vehicle and where it is located at. [The purpose of doing this is] [r]eally to cover ourselves and to cover the wrecker company if anything would turn up missing.
He also testified that he could clearly see the contraband when he walked up to the car and that this search was not in any way a pretense just to search the car.
On cross examination Mr. Daigle’s attorney tried to elicit a conclusion that the car was so old and junky that an inventory search was not warranted. Officer Hebert did admit that he did not obtain from Mr. *1109 Daigle information about the availability of someone else to come get his car, but he noted that there were no pay phones in the area from which he could call.
The Supreme Court has held,
The United States and Louisiana Constitutions prohibit unreasonable searches and seizures_ These provisions prohibit all warrantless searches in general, except in limited and exigent circumstances established by well-recognized exceptions.... The true inventory search of a motor vehicle is one of these exceptions....
A valid inventory search is conducted not on probable cause to secure evidence, but merely to inventory the vehicle’s contents in order to safeguard them, as an incident to the vehicle’s necessarily being taken into lawful police custody. The justification for the inventory search of a vehicle is to protect the occupant of the vehicle against loss of his property or the law enforcement agency against the occupant’s claim for the failure to guard against such loss....
State v. Killcrease, 379 So.2d 737, 738 (La.1980) (citations omitted). The police do not have carte blanche to inventory the contents of each and every vehicle they stop, however. “Because the inventory search is a narrow exception to the requirement of a warrant and the requirement of probable cause, it must be strictly limited to these practical purposes for which it is justified.” At 739. Factors which are significant in determining whether the search was justified are (1) whether formal impoundment procedures were followed [there is no evidence on this point], (2) whether the search was conducted in the field [it was], (3) whether the tow truck was called before commencing the search [it was], (4) whether the owner was asked for his consent to search [he was not], or if his car contained valuables [he was not], or if he would waive an inventory search [he was not], or if he could arrange to have someone else pick up the car [he was not, but the car was not legally driveable since the license plate was expired (La.R.S. 32:51)].
We believe the two factors which would support the necessity of an inventory search, that the tow truck was called first and that the car was not legally driveable, were sufficient to justify this exception to the protections against unreasonable searches and seizures. We therefore affirm the denial of Mr. Daigle’s motion to suppress the seized evidence.
At the conclusion of his sentencing colloquy, the judge advised Mr. Daigle that he would be responsible for paying a drug fee of $50.00. We believe the judge probably meant to impose this fee as a special condition of probation under La.C.Cr.P. art. 895.1(E). Conditions of probation must be imposed by the judge. State v. Robert, 518 So.2d 1169 (La.App. 5th Cir.1988). Since the transcript reveals he did not specifically do so we vacate the imposition of the $50.00 fee.
AFFIRMED IN PART, VACATED IN PART.