# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 24-628

**STATE OF LOUISIANA**

**VERSUS**

**DAVID BILLY PARKER, JR.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 4088-16
HONORABLE GUY E. BRADBERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JONATHAN W. PERRY
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jonathan W. Perry, Sharon Darville Wilson, Charles G. Fitzgerald, Judges.

**CONVICTIONS AND SENTENCES
AFFIRMED. MOTION TO WITHDRAW
GRANTED.**

Mary Constance Hanes
Louisiana Appellate Project
P.O. Box 4015
New Orleans, LA 70178-4015
(504) 866-6652
**COUNSEL FOR DEFENDANT/APPELLANT**:
    David Billy Parker, Jr.


David Billy Parker, Jr.
In Proper Person
DOC # 519346
Louisiana State Penitentiary
17544 Tunica Trace
Angola, LA 70712-3029
**DEFENDANT/APPELLANT**


Hon. Stephen C. Dwight
District Attorney, Fourteenth Judicial District
John Eric Turner
Assistant District Attorney
901 Lakeshore Drive, Suite 800
Lake Charles, LA 70601
(337) 437-3400
**COUNSEL FOR APPELLEE**:
    State of Louisiana

**PERRY, Judge.**

In the present case, appellate counsel for David Billy Parker, Jr. ("Defendant"), an indigent defendant, filed a brief in this court containing no assignments of error but requesting a review for errors patent on the face of the record as provided in La.Code Crim.P. art. 920. This procedure is what has become known as an *Anders* brief. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). For the following reasons, Defendant's convictions and sentences are affirmed and appellate counsel's motion to withdraw is granted.

### FACTS AND PROCEDURAL HISTORY

On January 22, 2016, the State charged Defendant with two counts of armed robbery, violations of La.R.S. 14:64; two counts of armed robbery with a firearm, violations of La.R.S. 14:64.3; and two counts of possession of a firearm by a convicted felon, violations of La.R.S. 14:95.1. The State later combined the armed robbery counts with the armed robbery with a firearm counts, reducing the total number of counts to four: two counts of armed robbery with a firearm, violations of La.R.S. 14:64 and 14:64.3, and two counts of possession of a firearm by a convicted felon, violations of La.R.S. 14:95.1. After hearing evidence on April 5 and 6, 2017, a jury found Defendant guilty on all four counts. Defendant was subsequently sentenced on each of the two counts of armed robbery with a firearm to sixty years at hard labor, with an extra five years for the firearm enhancement. For each of the counts of possession of a firearm by a convicted felon, Defendant was sentenced to fifteen years at hard labor. The court ordered all four sentences to run concurrently and ordered Defendant to pay a fine. However, Defendant's convictions and sentences were reversed because this court found the trial court erroneously replaced a seated juror. *State v. Parker*, 18-217 (La.App. 3 Cir. 11/7/18), 258 So.3d 883.

After the case was remanded to the trial court for a new trial, Defendant entered guilty pleas to all four counts on September 30, 2019. The following factual basis was set forth at Defendant's guilty plea:

> First, beginning on the date for the charge of armed robbery with a firearm and the possession of a weapon by a convicted felon from the November 15th, 2015, date, that on that date officers were dispatched to 401 Lakeshore Drive, which I believe at the time was America's Best Value Suites, in reference to a robbery. They spoke with the desk manager, Mr. Richard Evans, who stated that an individual had come into the lobby and reached behind the counter and opened a half door to enter the area behind the counter. He drew a dark-colored revolver from the rear of the waistband, pulled the - - pointed it at Mr. Evans, and indicated that he knew that they had cash deposits on site and wanted that money. He was led to the money. He did have approximately $300, which he was given. Furthermore, I believe that Mr. Evans had been tied up during that time.
>
> . . . .
>
> Judge, furthermore, he did have a firearm on him, having been convicted of possession of C.D.S.-2 on October 28th, 2008. Furthermore, Judge, on the date of November 17, 2015, that officers were dispatched to the Payday Money location on Prien Lake Road, talked to the victim, Amanda Williams, who stated that she entered into the place and was about to answer a phone when the defendant came from behind the back area with a firearm, pointing it at her, demanded access to the safe, at which time he did make off with over $1600, Judge, again, having a firearm and having been previously convicted of possession of C.D.S. Schedule 2 on October 28th, 2008.
>
> It should be noted, Judge, that during each of these robberies, he was wearing his G.P.S. ankle monitor, which was able to point him to being at the location of each of these robberies during those robberies.

The trial court accepted the following recommended sentences and made them an order of the court: count one (armed robbery with a firearm)—thirty years in the Department of Corrections ("DOC"), without benefit of probation, parole, or suspension of sentence, plus five years for the firearm enhancement (consecutive to the thirty years); count two (possession of a firearm by a convicted felon)—twenty years in DOC; count three (armed robbery with a firearm)—thirty years in DOC,

2

without benefit of probation, parole, or suspension of sentence, plus five years in DOC (consecutive to the thirty years); and count four (possession of a firearm by a convicted felon)—twenty years in DOC. All counts were ordered to run concurrently with each other and concurrently with the sentence imposed in docket number 6566-16.[1] Finally, the trial court recommended Defendant be afforded any program that may assist in his rehabilitative efforts.

On July 17, 2023, Defendant filed a pro se application for post-conviction relief seeking an out-of-time appeal.[2] On March 28, 2024, the trial court granted Defendant an out-of-time appeal, noting the State conceded the request was timely and proper. Thereafter, on June 10, 2024, the trial court granted Defendant's motion for appeal.

Defendant's appellate counsel filed a brief pursuant to *Anders*, 386 U.S. 738, alleging that the record contains no non-frivolous issues for appeal and requesting that this court grant her accompanying motion to withdraw. Defendant was advised via certified mail that counsel filed an *Anders* brief, and he was given until January 16, 2025, to file a pro se brief. Although timely postmarked January 16, 2025, this court did not receive Defendant's pro se brief until February 24, 2025. In his pro se brief, Defendant contends that his guilty pleas were not freely given, and he seeks to withdraw his pleas.

---

[1] In Docket Number 6566-16, Defendant was sentenced to seventy-five years without benefits for armed robbery and ten years without benefits for false imprisonment, to run consecutively.

[2] The 2023 post-conviction relief application alleged that Defendant had previously filed an application requesting an out-of-time appeal. In an Order dated July 17, 2023, the trial court stated that a diligent search had been made for the September 21, 2021 application but no such application had been located.

# OVERVIEW: THE "*ANDERS*" BRIEF

In *Anders*, 386 U.S. at 744, the court provided the procedure for appellate counsel to follow in a case like this:

> [I]f counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished [to] the indigent and time allowed him to raise any points that he chooses; the court—not counsel—proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds[,] it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

In *State v. Robinson*, 590 So.2d 1185 (La.1992), our supreme court endorsed the procedures outlined in *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), as instruction on the content of an *Anders* brief. In particular, *Benjamin*, 573 So.2d at 530–31, stated:

> Counsel is required to review the district court record thoroughly and present any claim with arguable merit to this court. However, this court will not require appointed counsel to raise frivolous issues, then refer to legal authorities which demonstrate that these issues are in fact frivolous and thus undermine his client's position. Indigent defendants have the right to be assisted by an appellate attorney exercising professional competence and judgment. We are convinced that indigent appellants receive such assistance when an attorney, exercising professional competence and judgment after a conscientious and thorough review of the record, concludes that there are no non-frivolous issues to raise on appeal and no rulings which arguably support the appeal. This is the same exercise in judgment made by an appointed or retained appellate attorney who finds one arguable issue but no other non-frivolous issues to raise on appeal. Counsel should, and must, raise whatever issues "arguably support the appeal", including arguments for change in established law when a valid basis for advocating such change exists. However, counsel need not raise issues believed to be without merit and not even arguably supportive of the appeal.

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under [La.] C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Against that background, we turn to the matter now before us.

## ERRORS PATENT REVIEW

Beyond considering an error designated in the assignments of error, we review all appeals for "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.Code Crim.P. art. 920(2). After reviewing the record in the present case, we find there are several errors patent.

First, our review of the record shows that the trial court failed to orally pronounce sentence in court. However, we further observe that pursuant to Defendant's guilty plea, a written plea form was entered into the record. At the bottom of the plea form, the following is handwritten: "35 yrs DOC[;] concurrent w/all other sentences (30 years DOC on each armed robbery ct. & 5 yrs. DOC consecutive[;] 20 yrs. DOC on felon w/a firearm)." After the trial court accepted Defendant's guilty plea, the trial court asked if there were any recommendations, to which the State replied:

Judge, the recommendation - - and we'll make this clear from the first. Count one on the amended bill was armed robbery with a firearm. It'll be 30 years, Department of Corrections. That's without benefit, probation, parole, or suspension of sentence; and then with the five-year enhancement consecutive to that, that'll all be with credit for time served.

Count two is the possession of a weapon by a convicted felon for the November 15th, 2015, date. That'll be 20 years, Department of Corrections, concurrent to count one and with credit for time served.

Count three is the charge of armed robbery with a firearm for the November 17th, 2015, date. It'll be 30 years, Department of Corrections, without benefit, probation, parole, or suspension of sentence. There'll be five years, Department of Corrections, consecutive to that as part of the firearm enhancement, and all of that time is concurrent to counts one and two.

And, finally, on count four, which is the possession of a weapon by a convicted felon from November 17, 2015, it'll be 20 years, Department of Corrections. That time, as well, will be concurrent to the previous counts, the time given with the previous counts, with credit for time served; and then they will all be concurrent to the time given under docket 6566-16 that Ms. Edmonson, I think, will be able to clarify a little bit better as to how those were laid out.

Defense counsel further explained that in Docket Number 6566-16, Defendant was sentenced to seventy-five years without benefits for armed robbery and ten years without benefits for false imprisonment, the sentences to run consecutively to one another. The trial court then had the following colloquy with the parties concerning the recommended sentences:

**THE COURT:**

Let the record reflect the same. Ms. [Carla] Edmonson, you're on the plea form, but Counsel Mr. [Jacob] Richard was here for the presentation of the recommendation. So, let me ask perhaps Mr. and Mrs. Public Defender: Are these the terms and conditions that were discussed in the formulation of these recommendations?

**MR. RICHARD:**

Yes, Your Honor.

6

**MS. EDMONSON:**

Yes, Your Honor.

**THE COURT:**

Let the record reflect the same. The Court is going to accept these recommendations. The caveat is going to be that they are to run concurrent per recommendation and be made an order of this Court.

Ms. Edmonson informed the trial court that Defendant requested a recommendation for DOC to consider him for the Louisiana State Police Barracks. The State objected, contending that DOC should be the one to make that decision. Ms. Edmonson also told the trial court Defendant's request to remain in Calcasieu Parish for a few weeks so that he could talk with his family. The trial court concluded the sentencing hearing by stating the following:

**THE COURT:**

Again, the multiple requests of the Court are to consider Mr. Parker for any program that might help or assist in his rehabilitative efforts and whether or not he should be afforded the opportunity to remain locally so that a visit and/or some type of access to family could be facilitated. As it relates - - and I do want to suggest, and the law is clear, that while the Court may make recommendations, ultimately[,] it's the Department of Corrections that make the decisions. So, as it relates to the second request, which the timetable upon which he's to be returned to the facility, secure facility, the Court is going to defer that to Security. I'm not going to dictate when and if they have to move him. I would hope that he's given a little time here before he's transferred, but I'm not going to tell them when - - any time period on that respect. As it relates to the request by Mr. Parker for any programs, I am going to recommend to Department of Corrections that Mr. Parker be afforded any program that might assist in his rehabilitative efforts, as well as and not limited to the programs that he suggests that he may be able to partake there in that facility. I think he should be afforded an opportunity to do that if it's available. So, I can't order it. I'm going to recommend it.

**MS. EDMONSON:**

Thank you, Judge.

7

**THE COURT:**

And with that, the Court's going to accept these recommendations and make them an order of the Court. Good luck to you, Mr. Parker. Don't lose hope.

Consistent with the recommendation set forth at the guilty plea proceeding, the minutes of sentencing state the following:

As to each count of Armed Robbery with a Firearm, the Court sentences the defendant to serve thirty (30) years in the custody of the Louisiana Department of Corrections, to be served without the benefit of probation, parole or suspension of sentence; in addition, as to the firearm enhancement on each count, to run consecutively to the thirty (30) year sentence, defendant is sentenced to serve five (5) years in the custody of the Louisiana Department of Corrections. As to each count of Possession of Weapon by a Convicted Felon, the Court sentences the defendant to serve twenty (20) years in the custody of the Louisiana Department of Corrections. The Court orders the sentence imposed on each charge to run concurrently; however, the five (5) year sentence for the firearm enhancement on each count of Armed Robbery with a Firearm is to run consecutively with the thirty (30) year sentence. Defendant is to receive credit for any time served towards all sentences from the date of arrest November 19, 2015 and to run concurrently with #6566-16.

The Uniform Sentencing Commitment Order ("USCO") likewise sets forth the above sentences.

As shown above, the sentences recommended by the State and accepted by the trial court are consistent with those set forth on the written plea form, the minutes of sentencing, and the USCO. The trial court, however, merely accepted the recommended sentences and made them an order of the court without orally pronouncing the sentences in open court as required in La.Code Crim.P. art. 871(A). As discussed below, this failure sometimes results in reversible error and sometimes harmless error. After considering the relevant jurisprudence explained below, we find the error is harmless in this case.

8

In *State v. Joseph*, 21-745, pp. 5–9 (La.App. 3 Cir. 3/30/22), 350 So.3d 518, 522–24 (sixth alteration added) (footnote omitted), this court compared the circumstances before it with other cases, concluding that the trial court's failure to orally pronounce sentence was reversible error in that case:

> In *State v. Johnson*, 19-201, pp. 5-6 (La.App. 3 Cir. 12/4/19), 286 So.3d 493, 497-98, this court found reversible error occurred when the trial court failed to orally pronounce sentence:
>
>> We find the trial court's statement that it was going to "rule the same" was not sufficient to impose a sentence on Defendant.
>>
>> Louisiana Code of Criminal Procedure Article 871 provides, in pertinent part, as follows: "A sentence is the penalty imposed by the court on a defendant upon a plea of guilty, upon a verdict of guilty, or upon a judgment of guilt." In the early case of *State v. Burks*, 202 La. 167, 172, 11 So.2d 518, 519-20 (1942), prior to the enactment of our Louisiana Code of Criminal Procedure, "sentence" as used in criminal law was defined as "the pronouncement by the judge of the penalty or punishment as the consequence to the defendant of the fact of his guilt."
>>
>> In *State v. Jones*, 517 So.2d 402, 406 (La.App. 5 Cir. 1987), *writ denied*, 522 So.2d 560 (La.1988), overruled on other grounds *by State v. Monk*, 532 So.2d 1143 (La.1988), the court explained, "The purpose of requiring the defendant's presence at sentencing and of pronouncing the sentence in open court is to insure the defendant is apprised of the punishment imposed, See C.Cr.P. arts. 835, 871 and comments thereunder." *See also State v. Kinchen*, 11-9 (La.App. 3 Cir. 6/8/11), 71 So.3d 344.
>>
>> In *State v. Young*, 18-858 (La.App. 3 Cir. 5/15/19), 271 So.3d 422, a case with a similar sentencing issue, this court reviewed a scenario where the trial court neither orally stated for the record its reasons for sentence nor the actual sentence; rather, it merely referenced the written sentencing document. As a result, this court vacated defendant's sentence, and on remand, instructed the trial court to pronounce defendant's sentence orally in open court and record it in the court minutes as La.Code Crim.P. art. 871 required.

9

Here, the trial court did not pronounce Defendant's sentence in open court; rather, it merely referred to *Miller* [*v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012)], *Montgomery* [*v. Louisiana*, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016)], and *Blakely* [*v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)], and simply stated without specificity to Defendant's conviction, "considering the sentencing range without an investigation that life imprisonment with the benefit of parole or probation after 25 years is warranted. As a result, this Court is going to rule the same." We find that this was insufficient to comply with our law as the sentencing colloquy did nothing to ensure Defendant was apprised of the particular punishment imposed. Accordingly, we vacate Defendant's sentence, and on remand, the trial court is instructed that Defendant's particularized sentence must be pronounced orally in open court and recorded in the court minutes as required by La.Code Crim.P. art. 871.

In *State v. Kinchen*, 11-9 (La.App. 3 Cir. 6/8/11), 71 So.3d 344, this court addressed the failure to orally impose sentence as an error patent, not a raised issue as in this case. Ultimately finding the error harmless, this court reasoned:

Next, the trial court failed to orally pronounce sentence. Louisiana Code of Criminal Procedure Article 871(A) provides: "A sentence is the penalty imposed by the court on a defendant upon a plea of guilty, upon a verdict of guilty, or upon a judgment of guilt. Sentence shall be pronounced orally in open court and recorded in the minutes of the court."

Louisiana Code of Criminal Procedure Article 879 provides: "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence."

The minutes of sentencing reflect, in pertinent part:

THE COURT SENTENCED THE DEFENDANT IN ACCORDANCE WITH THE PLEA AGREEMENT CONTAINED ON THE PLEA FORM, WHICH WAS SIGNED BY THE DEFENDANT, A COPY OF THE SAME WAS RECEIVED BY THE DEFENDANT AND THE ORIGINAL WAS FILED INTO THE RECORD, THAT BEING: 10 YEAR HARD LABOR,

CREDIT FOR TIME SERVED, CONCURRENT WITH ANY OTHER SENTENCE SERVING, WITHOUT THE BENEFIT OF PAROLE, PROBATION OR SUSPENSION [SIC] OF SENTENCE.

The trial judge, while speaking to several defendants at once, including Mr. Kinchen, had the following pertinent exchange:

*THE COURT:*

Do each of you wish to receive your sentence today and waive whatever delays you might be entitled to?

. . . .

*MR. KINCHEN:*

Yes, sir.

. . . .

*THE COURT:*

. . . . [H]aving said that your attorney negotiated for you and on your behalf a sentence you expect to received [sic]. That sentence is pronounced at the bottom of the plea form. Each of you have a copy of the plea form. Is that right?

. . . .

*MR. KINCHEN:*

Yes, sir.

Q. [THE COURT]:

Each of you are well acquainted with the sentence you expect to receive because it's at the bottom of your plea form.

On the guilty plea form, under the section of "PLEA RECOMMENDATION (Marked)," was set forth ten years hard labor, concurrent, without benefit of parole, probation, or suspension of sentence.

11

In *State v. Jones*, 517 So.2d 402, 406 (La.App. 5 Cir.1987), *writ denied*, 522 So.2d 560 (La.1988), the court explained: "The purpose of requiring the defendant's presence at sentencing and of pronouncing the sentence in open court is to insure the defendant is apprised of the punishment imposed, See C.Cr.P. arts. 835, 871 and comments thereunder."

In *State v. Portalis*, an unpublished appeal bearing docket 99-1807 (La.App. 3 Cir. 5/3/00), 775 So.2d 710, on errors patent review, this court recognized two errors, one of which was the trial court's failure to orally pronounce sentence in accordance with La.Code Crim.P. art. 871. In open court, the trial court stated the defendant was sentenced "in accordance with the plea agreement." This court held, in pertinent part:

> Initially, we observe that the requirements of Article 871 and 556.1 are statutory requirements rather than constitutional requirements. There is no indication in the *Boykin* analysis to indicate that Defendant's plea was not voluntary or that he was unaware of the terms of the plea agreement or the nature of the charges against him. Defendant acknowledged that he signed the plea agreement and that he understood that by pleading guilty he could not appeal his sentence. We find the trial court's failure to pronounce Defendant's sentence orally in open court and to inform him that this sentence could be with or without hard labor to be harmless error.

*Id.* at 2.

In this case, the guilty plea form set forth the sentence imposed. This guilty plea form was signed by the Defendant, the Defendant's attorney, and the trial court judge. Additionally, at the guilty plea proceeding, the trial court advised the Defendant of the possible penalty and asked the Defendant if he understood. The Defendant responded affirmatively. Furthermore, the Defendant acknowledged he had a copy of the plea form. Moreover, on appeal, the Defendant does not complain he was not appraised of the sentence that was imposed. Therefore, in this particular case, we find the error is harmless.

*Id.* at 348-49.

12

In the present case, after Defendant entered his guilty plea, a pre-sentence investigation (PSI) was ordered by the court and sentencing was set. At the sentencing proceeding, the prosecutor presented a recommendation that he and defense counsel had discussed that the court indicated that it was going to accept. Unlike *Kinchen*, there was no negotiated sentence set forth on the plea form signed by Defendant. Additionally, unlike *Kinchen*, there is a complaint on appeal, albeit by the State rather than Defendant. Under the circumstances presented in this case, we vacate Defendant's sentence and remand the case for resentencing, at which the sentence shall be orally pronounced as required by La.Code Crim.P. art. 871.

In *State v. Eaglin*, 11-12, p. 3 (La.App. 3 Cir. 6/1/11) (unpublished opinion) (2011 WL 2149848), this court found the trial court's failure to orally pronounce Eaglin's sentence was harmless "*in* [*that*] *particular case,*" when the guilty plea form set forth the sentence imposed, and the guilty plea form was signed by Eaglin, Eaglin's attorney, and the trial judge. Additionally, this court noted that at the guilty plea proceeding, the trial judge advised Eaglin of the possible penalty and asked Eaglin if he understood the penalty. Eaglin responded affirmatively and acknowledged that he had a copy of the plea form. Finally, Eaglin did not complain on appeal that he was not apprised of the sentence imposed.

We find the present case is akin to *Eaglin* and two cases discussed in *Eaglin*; *Kinchen*; and *Portalis*. In these cases, the trial court's failure to orally pronounce sentence was determined to be harmless error. As in those cases, Defendant in the present case was sentenced in accordance with a plea agreement, and the recommended sentence was detailed on the plea form. The plea form was signed by Defendant, Defendant's attorney, and the trial judge. At the guilty plea proceeding, the trial court explained the maximum sentence to which Defendant was exposed for each count. The trial court also received affirmation from Defendant that his attorney explained to him that a recommendation would be made but that the trial court did not have to accept such a recommendation. When the State set forth the

13

recommended sentences at the plea proceeding, the trial court received affirmation from the State and both defense counsel that the sentences were the agreed-upon recommended sentences. When Defendant addressed the trial court regarding a recommendation for him to participate in a particular DOC program, Defendant did not exhibit any confusion or misunderstanding about the recommended sentences. Further, unlike the defendant in *Joseph*, Defendant does not make any complaint on appeal regarding his sentences.

On the contrary, in *Johnson*, *Jones*, and *Young*—all discussed in *Joseph*— no sentencing agreement had been reached pursuant to a plea agreement. In *Johnson*, 286 So.3d 493, a jury convicted the defendant, a sixteen year-old at the time of the offense, of first degree murder. Instead of orally pronouncing the sentence in court, the trial court referred to other cases involving juveniles and stated: "considering the sentencing range without an investigation that life imprisonment with the benefit of parole or probation after 25 years is warranted." *Id.* at 498. The trial court in *Johnson* then stated that it was "going to rule the same." *Id.* This court found the trial court's statement that it was "going to rule the same" was insufficient to impose a sentence on Johnson.

In *Jones*, 517 So.2d 402, the defendant entered a plea, but no agreed-upon sentence was discussed in the fifth circuit's opinion. According to the fifth circuit, the trial court accepted Jones's plea and then stated: "The Court accepts your plea. You're referred to the Alternative Program. If you complete the Alternative Program, I will not give a jail sentence. The fine imposed will depend on how well you do in the program." *Id.* at 405 (footnote omitted). The minutes, the fifth circuit asserted, did not accurately reflect the "sentence" articulated by the trial judge. The fifth circuit concluded that "the failure of the trial judge to fully articulate the

14

sentence and the failure of clerk [sic] to accurately reflect what was stated operate[d] to the detriment of the accused." *Id.* at 406. Thus, the fifth circuit vacated Jones's sentence.

In *Young*, 271 So.3d 422, this court was once again reviewing the defendant's sentence that had previously been remanded for the trial court to articulate its reasons for any downward departure. On remand, "the trial court issued a written ruling maintaining its prior five-year hard labor sentence." *Id*. at 426. At a hearing, the trial court simply ordered the written ruling to be made the sentence of the court, without orally stating the sentence for the record. It also appears that the court minutes simply stated that the trial court ordered the written ruling to be made the sentence of the court. Finding the sentence must be vacated and remanded, this court instructed the trial court that the sentence must be orally pronounced in open court and recorded in the minutes.

Finally, in *Joseph*, 350 So.3d 518, the State claimed on appeal that the trial court did not orally impose Joseph's sentence and claimed the sentence was indeterminate. Although Joseph entered a plea of guilty, no sentencing recommendation was set forth on the plea form signed by him. In fact, a pre-sentence investigation was ordered, and a sentencing hearing was set. At the sentencing proceeding, the prosecutor informed the trial court that a sentence had been agreed upon, but there was no indication that this was done as part of a plea agreement. This court distinguished Joseph's situation from *Kinchen* because "there was no negotiated sentence set forth on the plea form signed by [Joseph]" and because the state was complaining of the sentence on appeal. *Id.* at 524. Thus, Joseph's sentence was vacated and the case was remanded for the trial court to orally pronounce the sentence in court.

15

Considering the cases discussed above, we find Defendant's case is almost identical to those cases wherein the trial court's failure to pronounce sentence was found to be harmless error. Accordingly, we find the trial court's failure to orally pronounce sentence in this case was harmless error.

As for the second error patent, when the State set forth the recommended sentence for count one, it did not state that the five-year firearm enhancement was to be served at hard labor as required by La.R.S. 14:64.3. Thus, Defendant received an illegally lenient sentence as to count one. Although the authority to correct an illegally lenient sentence is discretionary under La.Code Crim.P. art. 882, we decline to take action because the error has not been raised by either party. *See State v. Brown*, 19-771 (La. 10/14/20), 302 So.3d 1109 (where the supreme court found the court of appeal erred in vacating an illegally lenient sentence absent any complaint by the State).

Third, La.R.S. 14:95.1 requires the imposition of a mandatory fine of not less than one thousand dollars nor more than five thousand dollars for the crime of possession of a firearm by a convicted felon. In the present case, the trial court failed to impose this fine as required by La.R.S. 14:95.1, resulting in the imposition of illegally lenient sentences on the two counts of possession of a firearm by a convicted felon. However, as with the previous error patent, we decline to act as no one has raised the error.

### *ANDERS* ANALYSIS

Pursuant to *Anders*, Defendant's appellate counsel filed a brief stating she could find no non-frivolous issues upon which to base an appeal. Thus, appellate counsel seeks to withdraw.

Counsel's *Anders* brief must "assure the court that the indigent defendant's constitutional rights have not been violated." *McCoy v. Ct. of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988); *see also State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241. Hence, counsel's *Anders* brief must provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders* and *Jyles*, Defendant's appellate counsel, in the present case, filed a brief outlining her assessment of the appellate record. Appellate counsel discusses the procedural history and the facts of the case. Appellate counsel notes Defendant's original convictions of two counts of armed robbery with a firearm and two counts of possession of a firearm by a convicted felon were reversed on appeal and remanded for a new trial. *Parker*, 258 So.3d 883. Upon remand, appellate counsel asserts, Defendant pleaded guilty to all four counts, with a joint sentencing recommendation being accepted by the trial court.

By pleading guilty, appellate counsel contends Defendant waived all non-jurisdictional defects prior to his plea and failed to reserve the right to appeal any rulings pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976). Moreover, appellate counsel contends Defendant cannot appeal his sentences because he pleaded guilty pursuant to a plea agreement. Appellate counsel notes that Defendant and his attorney signed a plea form listing the counts to which he was pleading, the sentencing ranges of each count, the rights he was waiving, and the recommended sentences. According to appellate counsel, both Defendant's trial attorneys affirmed the sentencing recommendation articulated by the State at the plea proceeding.

Appellate counsel cites *State v. Ward*, 17-788, pp. 3–4 (La.App. 3 Cir. 2/28/18), 238 So.3d 1054, 1057 (alteration in original) as follows:

> Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has held, based on this article, "[i]n an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of a sentence that falls under the sentencing cap to which he agreed. *State v. Young*, 96-195 (La. 10/15/96), 680 So.2d 1171.

Accordingly, appellate counsel contends that because Defendant was sentenced in conformity with the terms of his plea agreement, he is precluded from contesting his sentences on appeal.

Appellate counsel notes that in his pro se application for seeking an out-of-time appeal, Defendant claims he was not properly *Boykinized*. Defendant, however, makes no specific allegation of an insufficient *Boykinization*. Appellate counsel indicates that the trial court properly *Boykinized* Defendant and advised him of the sentencing ranges for all offenses. According to appellate counsel, Defendant responded affirmatively when asked if he understood the rights he was waiving and the sentencing ranges he faced. In addition, appellate counsel points out that Defendant admitted to the factual basis presented by the State and answered affirmatively when asked if he pleaded guilty to the offenses.

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including the transcripts, pleadings, minute entries, and the charging instrument. Defendant was properly charged in a bill of information. He was present and represented by counsel at all crucial stages of the proceedings. Additionally, Defendant entered an unqualified guilty plea, and that plea was freely and

18

voluntarily entered after he was advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The entry of that plea waived all pre-plea non-jurisdictional defects, and no rulings were preserved for appeal under the holding in *Crosby*, 338 So.2d 584. *See State v. Aguilar*, 14-714 (La.App. 5 Cir. 1/14/15), 167 So.3d 862. Defendant received legal sentences imposed by the trial court in accordance with the parties' recommendation for specific sentences. This court held in *State v. Goodman*, 96-376, p. 4 (La.App. 3 Cir. 11/6/96), 684 So.2d 58, 61, that a defendant may not seek review of his sentence "when a specific sentence or sentencing range is agreed to by both parties as part of a plea agreement[] and is judicially recognized at the sentencing hearing."

Defendant has also filed a pro se supplemental brief, in which he submits a filing titled "COMBINED POST-TRIAL CHALLENGE TO VOID CONVICTION & MOTION TO CHALLENGE THE CONSTITUTIONALITY OF PETITIONER'S GUILTY PLEA ON GROUND OF HIS GUILTY PLEA IS A CONTRACT PROCURED THROUGH MATERIAL FRAUDULENT REPRESENTATIONS." Defendant alleges he was lulled into pleading guilty by material misrepresentations made by the trial court, the State, and his trial counsel. According to Defendant, he was led to believe that he could be convicted by a non-unanimous jury. Defendant further argues that since his guilty plea, he has learned of *Ramos v. Louisiana*, 590 U.S. 83, 140 S.Ct. 1390 (2020), in which the United States Supreme Court declared that a unanimous jury verdict was required to convict a defendant of a serious offense. Citing *Ramos,* Defendant contends he could not have been subjected to a non-unanimous jury verdict because to do so would "constitute a structural defect and the deprivation of a substantive inalienable right." Thus, Defendant seeks to withdraw his guilty plea.

19

Our review of the records shows there is no indication that a motion to withdraw guilty plea was filed in the lower court. However, this court has found that a claim as to the constitutionality of a plea will be considered on appeal despite the lack of a motion to withdraw being filed in the lower court. *State v. Gamboa*, 22-806 (La.App. 3 Cir. 9/13/23), 370 So.3d 1260, *writ denied*, 23-1376 (La. 4/9/24), 382 So.3d 842. We now consider Defendant's pro se argument.

In *State v. Clues-Alexander*, 21-831, p. 1 (La. 5/13/22), 345 So.3d 983, 984, *cert. denied*, ___ U.S. ___, 143 S.Ct. 461 (2022), the supreme court stated:

> We granted the application to determine whether the court of appeal erred in ruling that defendant is entitled to withdraw her guilty plea based on *Ramos v. Louisiana*, 590 U.S. [83], 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). At the time defendant pleaded guilty, the district court advised her that she had the right to a jury trial. After she pleaded guilty, the United States Supreme Court announced a new rule of criminal procedure in *Ramos v. Louisiana*, holding that a state jury must be unanimous to convict a criminal defendant of a serious offense. We find that this jurisprudential development subsequent to defendant's knowing and voluntary plea does not render her plea involuntary or unknowing. Accordingly, we reverse the ruling of the court of appeal and reinstate the district court's ruling, which denied defendant's motion to withdraw her guilty plea.

Like the Defendant in the present case, the defendant in *Clues-Alexander* entered a guilty plea before *Ramos* was decided. Thus, at the time she pleaded guilty, Clues-Alexander correctly understood that she could be convicted by a non-unanimous jury if she proceeded to trial. The supreme court found that Clues-Alexander's "lack of prescient knowledge that future Sixth Amendment jurisprudence would substantially alter the right to a jury trial did not make her guilty plea involuntary or unknowing or otherwise undo its binding nature." *Id.* at 987. We find the same holding applies in the present case. Accordingly, we find Defendant's pro se claim that his guilty plea was unconstitutional is without merit.

## DISPOSITION

Given the lack of merit to Defendant's claims, we affirm his convictions and sentences. Further, we grant appellate counsel's motion to withdraw.

**CONVICTIONS AND SENTENCES AFFIRMED.**

**MOTION TO WITHDRAW GRANTED.**